The Board of Commissioners of Parke County *v.* Lease.

THE BOARD OF COMMISSIONERS OF PARKE COUNTY *v.* LEASE.

LIQUOR LICENSE—APPEAL—STATUTES CONSTRUED.—Where a license to sell liquor is refused by the county board, and the applicant, under the provisions of the act of *March* 11, 1861, appeals to the Circuit Court or Court of Common Pleas, the decision of such Court is final, and no appeal lies therefrom to the Supreme Court.

APPEAL from the *Vigo* Common Pleas.

HANNA, J.—This was an application by a citizen of *Parke* county for a license to retail spirituous liquors. The Board refused the license. There was an appeal to the Common Pleas Court of the county by the applicant, and he then prayed for and obtained a change of venue to *Vigo* Common Pleas. In the latter Court, upon a default and jury trial, license was ordered, &c. Afterwards, the appellant appealed and sought to obtain a dismissal of the case, on the ground of want of jurisdiction in the *Vigo* Court. The reason urged is that it is not such a case as change of venue could be granted in; that it is such a proceeding as must, under the statutes, be tried and finally decided by the tribunals of the county where it originated. We are referred to Acts 1859, p. 202, and Acts 1861, p. 143, and to *French* v. *Lighty*, 9 Ind. 475, and to *Aden* v. *Hostetter*, 16 *id.* 16.

Under the statute of 1861 we are of opinion we can not entertain this appeal. The statute makes the determination of the Circuit or Common Pleas Court to which an appeal may be taken final, therefore we can not look into the case to determine even whether the change of venue was properly taken. If the Court in *Vigo* improperly entertained jurisdiction and made orders, &c., in the case, the remedy is not, in view of the statute, by appeal to this Court.

*Per Curiam.*—The appeal is dismissed at cost of appellant.

*S. F. & D. H. Maxwell*, for the appellant.