BROWN ET AL. *v.* PORTER.

APPEAL.—*License to sell Intoxicating Liquors.*—Where an appeal has been taken to the circuit court or court of common pleas from the action of a board of county commissioners in granting or refusing license to sell intoxicating liquors, the decision of such appellate court is final.

APPEAL from the Montgomery Circuit Court.

WORDEN, C. J.—Andrew J. Porter petitioned the board of commissioners of Montgomery county for a license to sell intoxicating liquors. John S. Brown and others remonstrated. The board, on a hearing of the cause, granted the license.

The remonstrants appealed to the circuit court, where the appeal was dismissed because the remonstrants were not shown, in the remonstrance, to have been inhabitants of the township in which the liquors were proposed to be sold; leave to amend the remonstrance in this particular being refused. The remonstrants appeal to this court.

The second section of the act of 1861, on this subject, 3 Ind. Stat. 330, provides, that "either party to such appeal to the circuit court or court of common pleas may demand and have a trial by jury in said circuit court or court of common pleas, and the decision or verdict of such jury shall be final and conclusive, and without appeal therefrom."

In the case of *The Board of Commissioners of Parke County* v. *Lease,* 22 Ind. 261, it was held, that, under this statute, no appeal lies to this court. We adhere to that decision. See, also, *The State* v. *Vierling,* 33 Ind. 99. The language of the statute is a little ambiguous, but we think it was the intention of the legislature that no appeal should lie to this court in such cases. Perhaps the reason was that the time of this court should not be consumed in the decision of controversies of such character.

The appeal is dismissed, with costs.

*P. S. Kennedy* and *R. B. F. Peirce,* for appellants.