## PITTSBURGH, FT. WAYNE AND CHICAGO RAILWAY COMPANY *v.* GILLESPIE, SURVEYOR.

[No. 19,513.    Filed May 2, 1902.]

APPEAL.—*Drains.*—*Allotment for Repair.*—An appeal to the Supreme Court will not lie from a judgment of the circuit court ordering an allotment for the repair of a drain, which allotment had been made by the county surveyor, under §§5633–5635 Burns 1901. *pp. 457–461.*

STATUTES.—*Construction.*—*"Final and Conclusive."*—To declare that the decision of the circuit court shall be "final and conclusive," is the equivalent of declaring that the court's judgment shall not be subject to review on appeal. *pp. 457–461.*

From Kosciusko Circuit Court; *H. S. Biggs*, Judge.

From the decision of Morton Gillespie, county surveyor, making an allotment for the repair of a public drain, the Pittsburgh, Ft. Wayne and Chicago Railway Company appealed to the circuit court, and from its decision appeals. Transferred to Supreme Court, under §1337u Burns 1901. *Appeal dismissed.*

*A. Zollars, C. H. Worden* and *F. E. Zollars*, for appellant.
*A. A. Adams*, for appellee.

JORDAN, C. J.—Appellee, in November, 1898, as the surveyor of Whitley county, made allotments, under the statute, for the purpose of cleaning out and keeping in repair certain portions of a public ditch known as the "Mud run" or Gearin ditch, which had been previously established and constructed in the counties of Allen and Whitley. The portion of the ditch allotted by the surveyor to appellant railroad company was in number of feet 5,500. From this decision of the surveyor appellant appealed to the Whitley Circuit Court, from which the cause was subsequently venued to the Kosciusko Circuit Court, wherein, upon a trial had, the court reduced the allotment of 5,500 feet, as made by the surveyor to appellant, to 4,500 feet. The 1,000 feet deducted by the court from appellant's original allotment was by the court added to the allotment apportioned to Union township, of Whitley county, and the township's allotment, as made by the surveyor, was thereby increased 1,000 feet. The court thereupon ordered and adjudged that the allotments so made should stand, and they were in all respects ratified and confirmed by the court. From this judgment appellant prosecutes this appeal, and seeks a reversal thereof for numerous alleged errors of the trial court.

The provisions of the statute relating to and authorizing allotments of a public ditch to be made by the county sur-

veyor, after the construction thereof, for the purpose of cleaning and keeping it in repair, in part are as follows: Section 5633 Burns 1901, §2 Acts 1889, p. 353, empowers the county surveyor to allot to the owner of each tract of land assessed for the construction of a drain or ditch the portion which he should annually clean out and keep in repair. Section 5634 Burns 1901 provides that the surveyor shall reduce such allotments to writing, and record the same in a book to be kept for that purpose, and shall give notice to the landowners of the time and place where and when he will hear all objections that may be made to such allotments. Section 5635 Burns 1901 provides that upon the day named in such notice the surveyor shall be present at the time and place therein mentioned, and shall hear all objections made to such allotments, etc., and that after hearing all objections that may be offered to such allotments he shall confirm or change the same as justice may require, and enter an order accordingly. Section 5636 Burns 1901 provides that any person or corporation aggrieved may appeal from the order of the surveyor to the circuit or superior court of the county by filing with the clerk of the court within ten days from the time of such order an undertaking conditional that he will duly prosecute such appeal and pay all costs that may be adjudged against him, etc.; whereupon such clerk shall issue a notice in the nature of a summons to such surveyor, which shall be served by the sheriff of said county. It is further provided that "all other persons interested shall take notice of such appeal which shall be tried by the court." If the court reduces the allotment one-fifth in amount, then all costs occasioned by such appeal shall be taxed against said surveyor, and paid out of the general funds in the county treasury not otherwise appropriated; otherwise the costs shall be adjudged against appellant. If more than one person appeals separately, the cases shall be consolidated and tried together. The court may confirm the allotment made by

the surveyor or change the same, and the statute then declares that the decision upon such appeal "shall be final and conclusive."

At the very threshold we are confronted with a question in respect to our jurisdiction in this appeal. The county surveyor, under the statute, in making the ditch allotments simply acts in an administrative capacity, and, were it not for the express provision of the statute granting an appeal to the circuit or superior court by any person aggrieved by his order, no appeal therefrom could be taken. *Ellis* v. *Steuben Co.,* 153 Ind. 91. The legislature, however, seems to have deemed it proper to allow an appeal from the order of the surveyor made by him in the discharge of his administerial duty imposed by law, in order to bring the matters involved in the allotment proceeding before a court wherein such matters could be judicially determined and settled. But, having granted this right of appeal, the legislature seems to have been impressed with the fact that matters involved in a proceeding in respect to the mere cleaning out and keeping a public ditch in repair were not of such importance as to justify an appeal to a higher court, and thus enable the litigation between the parties to be continued indefinitely. Consequently it will be seen that it is declared in positive and unmistakable language in §5 of the original act, §5636 Burns 1901, that " the *decision upon such appeal shall be final and conclusive."* (Our italics.) If the legislature did not intend by this provision to exclude or deny the further right of appeal, then the language employed is without meaning or purpose, and such an absurdity can not be attributed to that body. To interpret the language in question as not excluding the right of appeal from the judgment of the circuit court would, in effect, be to eliminate the word "final" from the statute. If it does not signify that it was the legislative will that the decision or judgment of the circuit court in respect to the matters involved in the proceeding should be an end to the contro-

versy, so far, at least, as any appeal was concerned, then no legitimate use or purpose for employing the term or terms can in reason be suggested. To declare that the decision of the court shall be "final and conclusive" is certainly the equivalent of declaring that the court's judgment shall not be subject to a review on appeal. The word "final" has a well understood and accepted meaning. The Century Dictionary defines it to be in a legal sense as follows: "Precluding further controversy on the question passed upon, as a statute declaring that the decision of a specified court shall be final." In 18 Am. & Eng. Ency. of Law (2nd ed.) p. 19, it is said that "final" means conclusive, from which there is no appeal.

*In re Mayor, etc.,* 49 N. Y. 150, in which the matter of the widening and straightening of Broadway street in the city of New York was involved, the statute under which the proceedings were had provided that the report of the commissioners in such cases, when confirmed, "shall be final and conclusive." The court in construing this language in that appeal held that it had reference to an appeal from the judgment of the court confirming the report, and, while the provision was intended to deny an appeal from such judgment, still it did not prohibit an application to set aside the judgment confirming the report of the commissioners on the ground of irregularity, fraud or mistake.

An act of the legislature of the state of Connecticut provided that "the board of councilmen for the city of South Norwalk shall be the final judges of the election returns and of the validity of elections and qualifications of its own members." In *Selleck* v. *Common Council, etc.,* 40 Conn. 359, 361, in considering this statute, the court said: "By the use of the word *final* the legislature intended to devest the superior court of jurisdiction in such cases and make the common council the sole tribunal to determine the legality of the election of its members."

In *People* v. *FitzGerald,* 41 Mich. 2, 2 N. W. 179, a pro-

vision in a city charter made the common council the final judges of the election of aldermen. The phrase "final judges", as employed in the charter, was held to deny the jurisdiction of the court to reinstate a member who had been excluded from the board of aldermen without a proper hearing.

*Coon* v. *Mason County,* 22 Ill. 666, was a proceeding before the county court to lay out and open a public highway. The statute under which the proceeding was instituted granted an appeal from the judgment of the county court to the circuit court, and provided that the decision of the circuit court in such cases should be final. An appeal in that case was prosecuted from the judgment of the circuit court to the supreme court. The latter, in construing this provision of the statute, said: "We are of the opinion that the legislature intended to prohibit the prosecution of a writ of error as well as an appeal", and the motion to dismiss was sustained. See, also, *Simon* v. *Common Council,* 9 Ore. 437; *Snell* v. *Bridgewater, etc., Co.,* 41 Mass. 296; *Batman* v. *Megowan,* 1 Metc. (Ky.) 533, 538; *Newcum* v. *Kirtley,* 13 B. Mon. 515, 517; *Moore* v. *Mayfield,* 47 Ill. 167.

A statute was enacted by our legislature in 1861 providing that in a proceeding before a board of commissioners to obtain a license to sell intoxicating liquors an appeal from the order of the board might be taken to the circuit or common pleas court, and further provided that the decision or verdict of the jury in the latter court "shall be final and conclusive, and without appeal therefrom."

In the case of *Board, etc.* v. *Lease,* 22 Ind. 261, which was an appeal from the judgment of the common pleas court in an application for a license to retail liquors, this court, in construing that statute in respect to the appeal in that case, said: "Under the statute of 1861 we are of opinion we cannot entertain this appeal. The statute makes the determination of the circuit or common pleas court to

which an appeal may be taken final, therefore we can not look into the case to determine even whether the change of venue was properly taken." The appeal in that case was dismissed on the court's own motion.

In *Brown* v. *Porter,* 37 Ind. 206, which was also an application for a license to sell intoxicating liquors, the holding in *Board, etc.,* v. *Lease, supra,* was followed, the court saying: "The language of the statute is a little ambiguous but we think it was the intention of the legislature that no appeal should lie to this court in such cases. Perhaps the reason was that the time of this court should not be consumed in the decision of controversies of such character." The appeal in this latter case was also dismissed by the court on its own motion for want of jurisdiction.

The fact that the statute of 1861, in addition to the phrase "final and conclusive", contained the words "and without appeal therefrom" is not of importance, as these words were simply a repetition of, or rather served to make more evident, that which was declared by the immediately preceding words "final and conclusive."

The case of *Grusenmeyer* v. *City of Logansport,* 76 Ind. 549, involved the right of an appeal to the circuit court from an order of the board of commissioners annexing certain territory to the city of Logansport, and that case, under the provision of the statute therein involved, is clearly distinguishable from the holding in the present appeal. The provision of the statute there in issue declared that the entry or order of the board of commissioners, or an attested copy thereof, "shall be conclusive evidence in all courts of such annexation." This court held in that case that this provision of the statute did not deny the right of appeal from the order of the board to the circuit court, and thereby overruled *Trustees, etc.,* v. *Manck,* 35 Ind. 51, and other decisions of this court, resting on the doctrine asserted in *French* v. *Lighty,* 9 Ind. 475, to the effect that there is no right of appeal in "a special proceeding, for a special pur-

pose, based on a special statute, which gives no right of appeal."

It follows, and we so conclude, that the appeal in the case at bar is prohibited by the statute in controversy; hence we have no power to entertain the same, and therefore are constrained to dismiss it on our own motion, for want of jurisdiction.

Appeal dismissed.