## CITY OF INDIANAPOLIS v. L. C. THOMPSON MANUFACTURING COMPANY.

[No. 6,533. Filed October 17, 1907. Rehearing denied November 20, 1907.]

1. APPEAL.—*Right of.—Statutes.—Streets.—Vacation.—Damages.*—No appeal lies from the judgment of the circuit court in a street vacation proceeding under §§3521-3526 Burns 1905, Acts 1905, pp. 219, 282-284, §§97-102, since said §3526 provides that "the judgment of such court shall be final, and no appeal shall lie therefrom." p. 537.

2. SAME.—*Certiorari.*—The writ of certiorari cannot be used in this State to perform the office of an appeal. p. 538.

3. SAME.—*Statutory Denial of Right of.*—Where the statute specifically denies a right of appeal, none exists. p. 538.

4. SAME.—*Theory of Case.—Changes of.—Vacation of Streets.*—A

City of Indianapolis *v.* L. C. Thompson Mfg. Co.—40 Ind. App. 535.

complaint for the vacation of a street, under §§3521-3526 Burns 1905, Acts 1905, pp. 219, 282-284, §§97-102, denying an appeal, cannot, on appeal, be considered on the theory that it is under the railroad track elevation statute (§§3667-3675 Burns 1905, Acts 1905, p. 144), which gives a right of appeal. p. 539.

5. DAMAGES.—*Vacation of Streets.—Change of Grade.—Final Order.—Effect.*—The final order for the vacation of a street is self-executing, and gives the injured property owner a right of action; but an unexecuted order for the change of the grade of a street gives no right of action. p. 540.

6. APPEAL.—*Right of.—Legislative Powers.*—The legislature has the exclusive power to grant or deny the right of appeal. p. 540.

7. SAME.—*Motion to Dismiss.—Notice.—Waiver.*—Where appellee's notice to dismiss the appeal was acknowledged by one of appellant's attorneys on August 28, and on October 16, appellant filed a brief on such motion, defects in the form of such notice are waived. p. 540.

8. SAME.—*Jurisdiction.—Raising Question.*—It is the duty of the court, on appeal, with or without a motion, to determine its jurisdiction over such appeal. p. 541.

9. PLEADING.—*Complaint.—Exhibits.—Vacation of Streets.*—An exhibit of the proceedings of the board of public works in an action for the vacation of a street under §§3521-3526 Burns 1905, Acts 1905, pp. 219, 283, §§97-102, constitutes no part of a complaint, in the circuit court, to determine the correctness of the board's order. p. 541.

10. JURISDICTION.—*How Determined.—Appeal.*—The whole record, on appeal, is subject to the court's examination, in determining the question of jurisdiction. p. 541.

From Boone Circuit Court; *Samuel R. Artman,* Judge.

Action by City of Indianapolis against the L. C. Thompson Manufacturing Company. From a judgment for defendant, plaintiff appeals. *Appeal dismissed.*

*Frederick E. Matson, S. M. Ralston* and *Crate D. Bowen,* for appellant.

*Doan & Orbison,* for appellee.

HADLEY, J.—This is an appeal from a judgment of the Boone Circuit Court, awarding damages for the vacation of a street. The cause was instituted in the Superior Court of Marion County, on a complaint in the nature of an appeal from a determination of the board of public works of the city

of Indianapolis in a proceeding to vacate a part of Eleventh street, in said city, and for an award for damages sustained thereby. The proceedings were had before said board, and this action was instituted under §§97-102 of an act of the General Assembly of 1905, concerning municipal corporations (Acts 1905, pp. 219, 282, §§3521-3526 Burns 1905). Said §102 is as follows: "Such appeal may be taken by filing an original complaint in such court against such city within the time named, setting forth the action of the said board of public works in respect to such assessment, and stating the facts relied upon as showing an error on the part of such board. Such court shall rehear the matter of such assessment *de novo,* and confirm, lower or increase the same as may seem just. In case such court shall reduce the amount of benefits assessed against the land of such property holders, or increase the amount of damages awarded in his favor, the plaintiff in such suit shall recover costs, otherwise not. The judgment of such court shall be final, and no appeal shall lie therefrom."

Appellee moved to dismiss this appeal by virtue of the last clause of said section quoted. Appellant, in its defense to this motion, clearly defines its position in these words:

1. "We concede that, as to all those matters that were lawfully done before either the board or the trial court, the finding of the latter is final, and no appeal can be taken therefrom; but as to all irregular and unlawful matters, and as to all matters which were not in issue before the board, we submit that under the decisions herein referred to the city is entitled to an appeal." To sustain this position counsel cite numerous authorities from New York, New Jersey, and Maryland. But it will be observed that all of these authorities are from states where the practice of review by *certiorari* prevails.

This writ, as a general rule, is employed, in those jurisdictions where it is sanctioned at all, to bring into review the proceedings of inferior courts or tribunals exercising *quasi-*

## 538    APPELLATE COURT OF INDIANA,

judicial powers, and only brings within the jurisdiction of the superior tribunal jurisdictional questions. It is a general writ applicable to all such inferior courts or tribunals. So, in those jurisdictions where this practice obtains, it has been held that where a matter is submitted to such inferior courts or tribunals, and the statute authorizing such submission provides that the determination of such court or tribunal should be final and conclusive, these words do not abolish the right of the limited review by writ of *certiorari.*

But in this State, since the adoption of the code of 2. 1852, this use of the writ of *certiorari* has not been authorized, and the only procedure by which the judgment of a lower court may be reviewed by this court is by way of appeal. The authorities cited, being based upon a different procedure, are not in point. In this State a judgment, in a proceeding where the right of appeal is 3. specifically denied by the legislature, is not reviewable by the Supreme Court or this court. The decisions of the Supreme Court are clear and decisive on this point. In *Board, etc.,* v. *Lease* (1864), 22 Ind. 261, appellee applied for license to sell liquor. His application was refused. He appealed to the Parke Circuit Court. A change of venue was taken and the cause was sent to the Vigo Circuit Court. From this ruling appellant appealed. The court says: "Under the statute of 1861 we are of opinion we cannot entertain this appeal. The statute makes the determination of the circuit or common pleas court, to which an appeal may be taken, final, therefore we cannot look into the case to determine even whether the change of venue was properly taken. If the Vigo Circuit Court improperly entertained jurisdiction and made orders, etc., in the case, the remedy is not, in view of the statute, by appeal to this court." The same question is similarly decided in *State* v. *Vierling* (1870), 33 Ind. 99, and *Brown* v. *Porter* (1871), 37 Ind. 206. In *Pittsburgh, etc., R. Co.* v. *Gillespie* (1902), 158 Ind. 454, the surveyor of Whitley county, under the

statute allotted a certain portion of a drain to be cleared by appellant. Appellant appealed to the circuit court, and upon judgment appealed to the Supreme Court. The statute authorizing such allotment and appeal to the circuit court provided: "The decision upon such appeal shall be final and conclusive." In dismissing the appeal the court says: "If the legislature did not intend by this provision to exclude or deny the further right of appeal, then the language employed is without meaning or purpose, and such an absurdity cannot be attributed to that body. To interpret the language in question as not excluding the right of appeal from the judgment of the circuit court would, in effect, be to eliminate the word 'final' from the statute. If it does not signify that it was the legislative will that the decision or judgment of the circuit court in respect to the matters involved in the proceeding should be an end to the controversy, so far, at least, as any appeal was concerned, then no legitimate use or purpose for employing the term or terms can in reason be suggested. To declare that the decision of the court shall be 'final and conclusive' is certainly the equivalent of declaring that the court's judgment shall not be subject to a review on appeal." To the same effect are *Selleck* v. *Common Council, etc.* (1873), 40 Conn. 359, and *Coon* v. *Mason County* (1859), 22 Ill. 666.

Appellant seeks to show that the proceeding before the board of public works was under the track elevation statute (§§3667-3675 Burns 1905, Acts 1905, p. 144), and therefore the inhibition of section 102 does not apply.

4. This position is untenable. The complaint shows that the proceeding was for the vacation of a street, and the proceeding before the board of public works shows that it proceeded under the statute for the vacation of a street. No mention of track elevation is made either in the complaint or the proceedings of such board.

Appellant also insists that this is an action for damages for closing a street, and not the vacation thereof, and that

there can be no damages for vacation alone. In our view of the case, this does not affect the question now before us; but the authorities cited by appellant do not support this proposition. They are to the effect that the order to change the grade of a street, so long as it remains a "paper order" unexecuted, furnishes no ground for damages. This is undoubtedly true, inasmuch as no damages have been suffered until the order is executed. But the final order vacating a street is self-executing, and, when made, the street is as effectually closed to the public as if a barrier had been erected across it.

Whether the lower court committed error in the measurement of damages, the admission of testimony, in assuming jurisdiction over the person or subject-matter, or in any other matter, is not subject to our review on appeal. The legislature in its wisdom has seen fit to deny us that right. And although we might be of the opinion that the interests of all parties might better be protected if such judgments were reviewable, yet this would not authorize us to assume jurisdiction over a matter the legislature has denied us. The argument of counsel on this branch of the question might very properly be made to the legislature, but it is of necessity ineffective here. There is no vested right in an appeal, and the legislature has the power to grant or deny appeals as it deems best. This is so well settled that citations are unnecessary. If the Boone Circuit Court had no jurisdiction, or for any reason the judgment is void, appellant has its remedy.

For the foregoing reasons the appeal is dismissed.

## ON PETITION FOR REHEARING.

HADLEY, J.—Appellant has filed a petition for rehearing in the above cause, and urges, as grounds therefor, that this court did not pass upon a question raised in its reply brief on the motion to dismiss. The point argued is that appellee failed to comply with rule fifteen, in

that it did not give notice of the time of the hearing on said motion. The record shows that a copy of the motion to dismiss was presented to appellant on August 28, 1907, and service of the same was acknowledged by one of appellant's attorneys of record. This motion does not specify the time at which the same shall be heard by this court. The motion was passed upon October 17. On September 16 appellant appeared to said motion, and filed a brief thereon.

It is true the notice of said motion is not in strict compliance with rule fifteen, but appellant had notice of the pendency of said motion, and, prior to the hearing, appeared thereto and presented its brief thereon, thereby waiving any objection to the form of the notice. Further than 8. this, the question presented by the motion to dismiss was wholly jurisdictional, and it was the duty of this court to determine its jurisdiction at the threshold of the case, regardless of the filing of a motion questioning same. Even though the notice was faulty, no good purpose could have been served in refusing to hear the motion when the court was compelled to pass upon the question without such motion, at least at the final hearing.

It is also urged that this court erred in its determination "that the complaint shows that the proceeding was for the vacation of the street, and the proceeding before the 9. board of public works shows that it proceeded under the statute for the vacation of a street," for the reason that the proceedings of the board of public works were made exhibits to the complaint when they formed no part of the basis of the action, and hence cannot be considered as a part of the complaint. In considering a motion that assails the jurisdiction of this court the whole record may be 10. examined in determining the question. So, without reference to the exhibits, the complaint clearly averred that the proceeding before the board was for the vacation of Eleventh street, and that said Eleventh street was vacated, and the evidence in the record clearly supports

these averments and supports the statement objected to in the opinion. Even if the record showed that the proceedings in the vacation of this street were in contemplation of track elevation, this would not affect this action.

Rehearing denied.