## EX PARTE SHERWOOD.

[No. 6,398. Filed May 12, 1908.]

1. CERTIORARI.—*Appeal.*—Section 710 Burns 1908, §668 R. S. 1881, providing that any appellate court shall have power to compel any inferior court, board, or officer exercising judicial power, to certify a transcript of any proceedings, whenever necessary, applies only to appellate courts, or courts of review, and not to circuit or superior courts, where the trial on appeal is *de novo.* p. 645.

2. COURTS.—*Superior.*—*Vanderburgh County.*—The act creating the Superior Court of Vanderburgh County (Acts 1877, p. 52) gives such court no jurisdiction to correct errors of any inferior tribunal, board or official, except upon an appeal, and then the trial is *de novo.* p. 646.

3. INTOXICATING LIQUORS.—*Revocation of License by Mayor.*—*Appeal.*—From the revocation of a liquor license by the mayor of a city, probably no appeal lies. p. 646.

4. CERTIORARI.—*Use of.*—*Appeal.*—The common-law writ of *certiorari* to review the proceedings of inferior tribunals does not obtain in Indiana. p. 646.

5. INJUNCTION.—*Unlawful Interferences With Legal Rights.*—*Revocation of Liquor Licenses.*—Injunction lies to prevent the unlawful revocation of a liquor license. p. 647.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Application of Charles Sherwood to have reviewed the action of the mayor of the city of Evansville in revoking

his license to sell intoxicating liquors. From a judgment denying the application, he appeals. *Appeal dismissed.*

*Clifford T. Curry* and *Edgar Durre,* for appellant.

COMSTOCK, J.—The appellant, a licensed saloon-keeper of the city of Evansville, on May —, 1906, had his license revoked by the mayor of said city, acting under the authority of the act of 1905 (Acts 1905, pp. 236, 266, §80, cl. 8, §8682 Burns 1908). He filed his application in the Superior Court of Vanderburgh County for a writ of *certiorari,* for the purpose of having the alleged wrongful action of the mayor reviewed. The court denied the writ. From that decision appellant takes this appeal, making said action of the court his assignment of error.

As alleged in appellant's complaint, on January —, 1906, he made application to the city of Evansville, Indiana, for a license to sell intoxicating liquors upon certain premises situated within four miles of the corporate limits of said city, and on the 31st day of said month a license was regularly issued to him in compliance with his petition; that said license was for a period of six months from January 31, 1906, and he paid into the treasury of said city in consideration thereof the sum of $125; that he conducted a profitable business upon said premises until May 18, 1906, when, by virtue of the complaint of Fred H. Breneke, John W. Boehne, the duly elected, qualified and acting mayor of Evansville, unlawfully and wrongfully revoked said license issued to said affiant; that the affiant was not charged with the wilful violation of any of the conditions or terms of his license, nor was he charged with having done, authorized or permitted to be done any act in violation of the laws and ordinances of said city relating to the business or place of business licensed in said proceedings. It is further alleged that he had not at any time since the granting of said license wilfully violated any of the terms or conditions of the same; that said Boehne, without right or cause, revoked said

license, and instructed the police officers to see that his orders were carried out and that said affiant be prohibited from selling intoxicating liquors under said license, and to arrest the defendant in the event he failed to comply with said order; that by such unlawful action he has been deprived of his means of livelihood without legal cause; that no part of his money has been refunded to him since said order of revocation; that said Boehne was sitting as a judicial tribunal at the time of the hearing of said cause, and denied appellant a change of venue, after he had made legal affidavit and application for such change. Wherefore he prays that a writ of *certiorari* issue against said John W. Boehne, demanding that he certify and bring into this court a full, true and perfect transcript of all the records, papers, documents and files connected with or relating to said proceedings wherein he revoked and caused to be revoked the license of appellant, that the court may inspect said records and proceedings, and if found irregular the same may be set aside, compelling said Boehne to vacate and rescind the wrongful and unlawful action in revoking said license, and that the affiant be not further molested in the conduct of his business in retailing intoxicating liquors under the license heretofore granted.

In the complaint of said Breneke, which is made a part of the application for a writ of *certiorari*, after reciting the fact that appellant is a resident af Vanderburgh county, engaged in the sale of intoxicating liquors in less quantities than a quart, the same to be drunk on the premises, stating his place of business, it is charged that Sherwood is not a fit and proper person to be entrusted with the sale of intoxicating liquors, for the reason that on or about the first of May, 1906, he kept a disorderly house, by suffering and permitting certain parties named to conduct themselves in a boisterous manner and to indulge in loud talking, singing and other noises in a drunken carousal, near the midnight

hour of said date, the parties named being prostitutes; that about the first of May, 1906, he served certain parties with intoxicating liquor after the hour of 11 o'clock p. m.; that on May 5, 1906, he was convicted and fined in the city court of said city of Evansville for associating with prostitutes, and with having been drunk on May 1, 1906; that the complainant was chief of police of the city of Evansville, and as such since January 1, 1906, had received frequent complaints, from parties residing in the vicinity of the place of business of said Sherwood, that said place was conducted in a disorderly manner and greatly disturbed the peace and quiet of said vicinity, and that the conduct of said defendant Sherwood and his acts as hereinbefore recited, have greatly disturbed the good order and shocked the morals of the city of Evansville, Indiana.

The statute (§710 Burns 1908, §668 R. S. 1881) provides: "Any appellate court shall have full power to compel any inferior court, board, or officer exercising judicial

1. functions, or other person, to certify to such court a full and complete transcript of the records and proceedings of any such tribunal, board, officer, or person, and the production of any paper, whenever it shall be necessary for the proper determination of any cause or proceeding pending before the appellate court." Such power is generally exercised to supply a diminution of the record as a means of correcting the transcript of an appeal when the record below is correct, and has only been imperfectly copied. Ewbank's Manual, §210. An application to correct the record, when made pending an appeal, is not as a general rule, to be considered as an independent proceeding, but is to be deemed such an incident of the original case as to constitute an integral part of it. Section 710, *supra*, applies only to appellate courts or courts of review.

The act creating the Superior Court of Vanderburgh County provides that it "shall have original concurrent

jurisdiction with the circuit court in all civil cases, 2. * * * and all other appellate jurisdiction, in civil cases, now vested in, or may hereafter be vested by law in the circuit courts." Acts 1877, p. 52, §10. Section thirteen of the same act provides: "The said court, or judge thereof, in vacation, shall have power to issue and direct all process to courts of inferior jurisdiction, and to corporations and individuals, which shall be necessary in exercising the jurisdiction hereby conferred, and for the regular execution of the law, and to make all proper judgments, * * * and to issue all process and executions, and to do such other acts as may be necessary to carry into effect the same, in conformity with the Constitution and laws of the State." The act gives it no authority to correct the errors of an inferior tribunal, board or official acting in a judicial capacity, except upon appeal, and then the action is *de novo*. The proceeding under consideration is an original action, seeking to have reviewed the rulings of an inferior tribunal.

Granted that courts possess inherent powers not derived from statutes, still their jurisdiction is not self-conferred. In the able brief with which counsel support the application for the writ, it is stated that appellant is 3. without the right of appeal. We are of the opinion that this is correct, but that question is not before us for decision.

Numerous cases are cited to sustain the proposition that the common law writ of *certiorari* still exists to review the proceedings of an inferior tribunal when there is no 4. other remedy for such review. The cases cited are from states where the practice of review by *certiorari* prevails. The question here presented is, we think, settled in the case of *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, from which we quote as follows: "But in this State, since the adoption of the code of 1852, this use of the writ of *certiorari* has not been authorized, and the only procedure by which the judgment of

a lower court may be reviewed by this court is by way of appeal."

Appellant is not wholly without a remedy. If the legitimate business of the citizen is unlawfully interfered with, by one acting either in a private or official capacity,

5. the courts will, upon a proper showing, enjoin the commission of such wrong..

Appeal dismissed.

Roby, C. J., absent.