(No. 27908.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* STANLEY KUDUK, Plaintiff in Error.

*Opinion filed November 22, 1944.*

Roman E. Posanski, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, and Thomas J. Courtney, State's Attorney, of Chicago, (Edward E. Wilson, John T. Gallagher, Melvin S. Rembe, and Joseph A. Pope, all of Chicago, of counsel,) for the People.

Mr. Justice Smith delivered the opinion of the court:

Plaintiff in error pleaded guilty to two indictments in the criminal court of Cook county. By each indictment he was charged with the crime of manslaughter. On his petition he was admitted to probation in both cases. Thereafter, on petition of the State's Attorney, and after a hearing, the orders admitting him to probation were revoked and he was sentenced to the penitentiary on the judgments of conviction theretofore entered on his pleas of guilty. He prosecuted a writ of error from the Appellate Court for the First District to review the orders revoking his probation. That court affirmed these orders. He now prosecutes the writ of error in this case to review the judgment of the Appellate Court.

Section 15 of the Probation Act confers jurisdiction on the Appellate Court on appeal or by writ of error, to review orders of the trial courts, changing, modifying or terminating the probation period. (Ill. Rev. Stat. 1943,

chap. 38, par. 798.) The language conferring such jurisdiction is as follows: "The appellate courts of this State are hereby given jurisdiction finally to hear and determine all such appeals and writs of error * * *."

It is clear from the above statute that this court has no jurisdiction to review the judgment of the Appellate Court. The admission to probation of a person found guilty of a crime is purely statutory, and rests in the discretion of the trial court. The right to review orders revoking orders admitting a defendant to probation is likewise purely statutory. Jurisdiction "finally to hear and determine" such orders on review, is conferred solely upon the Appellate Court. The word "finally" in its ordinary acceptation is defined as meaning at the end or conclusion; ultimately; lastly. (*Bear* v. *Reese,* 44 Ind. App. 465, 89 N. E. 522.) The word "determine" is defined in Webster's International Dictionary as meaning to bring to a conclusion a question or controversy; to settle with authoritative or judicial sentence; to decide. *New National Coal Co.* v. *Industrial Com.* 373 Ill. 468.

The language used in section 15 of the Probation Act is clear and unambiguous. By that language the legislature conferred jurisdiction upon the Appellate Court to review and "finally" determine the propriety of orders revoking orders admitting a defendant to probation. Clearly the jurisdiction of the Appellate Court, conferred by that section, is final and there is no jurisdiction in this court to review its judgment. There is no claim that any constitutional question arose in the Appellate Court.

The writ of error in this case is, therefore, dismissed for want of jurisdiction.

*Writ of error dismissed.*