## STATE, EX REL. BEHYMER, *v.* PERRY, AUDITOR.

[No. 19,799.    Filed November 25, 1902.]

MANDAMUS.— *Argumentative Answer.*—In a mandamus proceeding, it is not error to overrule a demurrer to an argumentative answer or return if it alleges facts in bar of the action.   *p. 509.*

COUNTIES.— *Claim.*—*Allowance by Commissioners.*—*Mandamus to Compel Auditor to Issue Warrant.*—Since the county commissioners act in an administrative and not in a judicial capacity, the order of the board allowing a claim is only *prima facie* evidence of its correctness; and in a mandamus proceeding to compel the county auditor to issue a warrant for a claim allowed by the commissoners, such auditor may question the legality of the allowance.   *pp. 509, 510.*

From Tipton Circuit Court; *L. J. Kirkpatrick*, Special Judge.

Mandamus by the State on the relation of John O. Behymer against Elijah Perry, county auditor, to compel the issuance of a warrant. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*J. M. Fippen, J. M. Purvis, Gifford & Gifford, John Oglebay* and *W. R. Oglebay*, for appellant.

*Dan Waugh*, for appellee.

GILLETT, J.—This was an action to compel appellee, by mandate, to issue to appellant's relator a warrant in pay-

ment of an allowance made to him by the board of commissioners of Tipton county.

The first paragraph of the amended petition contains the allegation that the allowance was for and on account of an indebtedness for the publication of the reports of the receipts and disbursements of the auditor and treasurer of said county for the year ending in June, 1899. The second paragraph of said amended petition alleges the making of an allowance in payment of an indebtedness, the character of which is not stated, while the third paragraph of said amended petition alleges that the allowance was based on an indebtedness for publishing a report of the "receipts and expenditures as made by said board for the year ending June, 1899." The record does not show whether an alternative writ issued. Appellee filed two paragraphs of return. In each of said paragraphs it is alleged that the allowance was not based on a legal claim against said county, for the reason, among others, that the allowance was for publishing the reports made by the auditor and treasurer of said county of their respective receipts and disbursements for said year. Relator unsuccessfully challenged the sufficiency of these paragraphs by demurrer, and, upon the overruling thereof, excepted and refused to plead further.

The paragraphs of return did not allege any new matter in answer to the first paragraph of the amended petition, and, as an answer to the third paragraph of petition, said paragraphs of return only amount to an argumentative denial of a portion of the allegations of said paragraph of petition. It is not error, however, to overrule a demurrer to an argumentative answer or return, if it alleges facts in bar of the action. *Oren* v. *Board, etc.,* 157 Ind. 158, and cases there cited.

It is not contended by appellant's counsel that a board of commissioners has authority to make an allowance for such a service as the return alleges was the basis of the allowance by the commissioners, but counsel contend that the allow-

ance of said board was in the nature of a judgment, that, in the absence of an appeal, concluded all parties. In this contention counsel are in error. In the allowance of claims against a county, the board of commissioners thereof act in an administrative and not in a judicial capacity, and for this reason their order allowing a bill is only *prima facie* evidence that it is correct. These propositions are clearly affirmed by our later cases. *Board, etc.,* v. *Heaston,* 144 Ind. 583, 55 Am. St. 192; *Sudbury* v. *Board, etc.,* 157 Ind. 446. It was held in the cases last cited that an action would lie on behalf of the county to recover for moneys paid on allowances against the county that were illegally made. This being the law, we think that the auditor had the right to raise the question when it was sought to compel him to order the money paid out of the county treasury. See *Rudisill* v. *Edsall,* 43 Ind. 377; *Barr* v. *State, ex rel.,* 148 Ind. 424; *Monroe* v. *State, ex rel.,* 157 Ind. 45.

The first paragraph of the amended petition did not state a cause of action, and the two paragraphs of return were sufficient in substance as against the other paragraphs of amended petition.

Judgment affirmed.