## MYERS ET AL. *v.* WHITE ET AL.

[No. 22,436.   Filed June 24, 1914.]

1. HIGHWAYS. — *Improvement on County Line. — Petition. — Affidavit.—Jurisdictional Requisites.*—Under §7742, Burns 1914, Acts 1907 p. 363, requiring that a petition for the improvement of a highway on the line between two counties shall be accompanied by the affidavit of one or more freehold voters stating that the petition is signed by seventy-five or more adult freeholders of the townships abutting the proposed improvement, and that not less than ten are from each township, such affidavit is essential to confer jurisdiction on the board of commissioners over the proceeding.  p. 109.

2. HIGHWAYS. — *Petition for Improvement. — Jurisdictional Defects.—Amendment.—Appeal.*—Where the record on appeal from the judgment of the circuit court in a highway improvement proceeding discloses that, following a motion before the board of commissioners to dismiss the petition for failure to attach the

affidavit required by §7742 Burns 1914, Acts 1907 p. 363, the petitioners obtained leave to amend, and such affidavit appears in the record, though not immediately following the amended petition, it will be presumed that such affidavit supplied the alleged defect and that the board of commissioners properly acquired jurisdiction, in the absence of any showing to the contrary. p. 110.

3. HIGHWAYS.—*Improvement on County Line.—Joint Action of Boards of Commissioners.—Appeal.*—Under §7740 *et seq.* Burns 1914, Acts 1907 p. 363, providing for the improvement of highways on county lines, and for the filing of remonstrances in such proceedings, and providing for hearing in such event before a joint session of the boards of commissioners of the respective counties, such commissioners in such proceeding act in their official capacity, and hence an appeal from their judgment will lie under the provisions of §6021 Burns 1914, §5772 R. S. 1881. p. 110.

From Wabash Circuit Court; *A. H. Plummer,* Judge.

Highway proceedings on the petition of Edward H. Myers and others. From the judgment of the circuit court dismissing their appeal from the judgment rendered by a joint session of the boards of county commissioners of the counties abutting the proposed improvement, the petitioners appeal. *Reversed.*

*R. A. Kaufman* and *C. W. Watkins,* for appellants.

*Benton E. Gates, David V. Whiteleather* and *Frank O. Switzer,* for appellees.

SPENCER, J.—This is a proceeding under the act of 1907 concerning the construction and maintenance of free gravel or other macadamized roads on the boundary line between counties. Acts 1907 p. 363, §§7740-7752 Burns 1914. Appellants' amended petition, asking for the improvement of a public highway between Huntington and Whitley counties, was filed with the board of commissioners of Huntington County and there challenged by appellees' motion to dismiss on the ground that said petition did not have "the affidavit of one or more freehold voters of some township or townships abutting such highway sought to be improved, attached, stating that the said petition or peti-

tions are signed by seventy-five or more adult freeholders of such townships abutting such improvement prayed for, and that not less than ten are from each township.'' §7742 Burns 1914, Acts 1907 p. 363. Such affidavit is required under the statute before the board of commissioners can take jurisdiction. If it should affirmatively appear from the record that the statutory requirements necessary to confer jurisdiction on the board of commissioners were not complied with, it would follow that the board of commissioners did not acquire jurisdiction, and the proceeding must originate properly in the lower tribunal. *Smyth* v. *State* (1902), 158 Ind. 332, 336; *Atkinson* v. *Disher* (1912), 177 Ind. 665, 679.

The record before us has not been carefully prepared and some confusion exists as to the proper order of the various entries which it contains. It does appear, however, 2. that subsequent to the filing of appellees' motion to dismiss, appellants obtained leave to amend their petition before the board of commissioners and an affidavit which complies with the statute is contained in the record, although it does not immediately follow the amended petition. In the absence of a showing to the contrary, we must now assume that this affidavit supplies the alleged defect, if any, in appellants' petition and that the board of commissioners properly acquired jurisdiction.

Such further proceedings were had before a joint session of the boards of commissioners of Huntington and Whitley counties as resulted in a finding and judgment that 3. the proposed improvement would not be of public utility. From this decision appellants perfected an appeal to the Huntington Circuit Court and from that court the cause was venued to the Wabash Circuit Court where, on motion by appellees, the appeal was dismissed. Appellees take the position that this proceeding is special in character and that, unless expressly granted by the statute, no appeal lies from the decision of the commissioners. Appel-

lants, on the other hand, contend that where, as in this case, the duty of the board of commissioners involves judicial action, an appeal may be taken under §6021 Burns 1914, §5772 R. S. 1881, which provides that: "From any decision of such commissioners there shall be allowed an appeal to the circuit court by any person aggrieved." *Board, etc.* v. *Conner* (1900), 155 Ind. 484, 495; *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549.

While it is true that the proceeding is special in character, yet it is clearly the legislative intent that the boards of commissioners should act in their official capacity as such commissioners. Section 6 of the act, which authorizes the filing of remonstrances against a proposed improvement and grants a hearing on such remonstrances, if any, expressly provides that "Said boards of commissioners when in joint session at such time and place, shall try the issues thus formed under the same rules and regulations as other cases are tried before boards of commissioners." §7745 Burns 1914, Acts 1907 p. 363. From this language we must conclude that the same right of appeal which is authorized in other cases by §6021, *supra,* is available here.

Judgment reversed, with instructions to overrule appellees' motion to dismiss the appeal and for further proceedings not inconsistent with this opinion.

Cox, C. J., and Myers, J., concur in result.

## CONCURRING OPINION.

Cox, C. J.—I can not agree that §6021 Burns 1914, §5772 R. S. 1881, which contains the general provision for appeals from boards of county commissioners authorizes an appeal from the decision of a special tribunal made up of two boards of county commissioners and the county auditor of the county where the initial steps were taken for the improvement. But I think the statute in question (§§7740-7752 Burns 1914) contemplates that when the joint tribunal determines that the improvement is not of public utility, a

finding which requires a dismissal of the petition, such dismissal is to be made, not by the joint tribunal, but by the board of commissioners of the county where it was filed. With this view of it §6021, *supra,* would apply.

Myers, J., concurs.

Note.—Reported in 105 N. E. 775. See, also, under (1, 2, 3) 37 Cyc. 222.