PATTERSON ET AL. v. TOWN OF FORT BRANCH ET AL.

[No. 9,445. Filed June 7, 1916.]

1. MUNICIPAL CORPORATIONS.—*Annexation of Territory.*—*Appeal from Finding of Board of County Commissioners.*—While §§8899b, 8899c Burns 1914, Acts 1909 p. 450, governing the annexation by towns of territory contiguous thereto, does not provide for an appeal from the finding of the board of county commissioners, yet, an appeal not having been specifically denied by that statute, the general statutes, §§6021-6023 Burns 1914, §§5772-5774 R. S. 1881, relating to such appeals, applies, since, in the absence of such denial, it is to be presumed that the legislature intended that the general statutes authorizing such appeals from such boards should govern. p. 335.

2. APPEAL.—*Review.*—*Decisions of Intermediate Courts.*—*Defective Transcript.*—In a proceeding to annex land to a town, an appeal from the finding of the board of county commissioners was taken by the petitioners, who filed an appeal bond with the county auditor who failed to properly certify a transcript of the proceedings with the clerk of the circuit court, but, in the court below, where defects in the transcript might have been urged on motion of either party, there was no objection made to its insufficiency and a trial was had on the merits of the cause with the full appearance of all the parties. *Held*, that, under the facts in the case, the failure of the auditor to properly certify the transcript is not ground for reversal, especially as there had been no objection made to the form of the transcript until an appeal was taken to the appellate court. p. 336.

3. APPEAL.—*Appeal Bond.*—*Execution.*—*Presumption.*—An appeal will not be dismissed because the bond, which was approved by the county auditor, was signed by the town attorney instead of the town trustees, where the bond was considered properly executed by all the parties and the objection urged is presented for the first time in appellant's brief, as, under the facts in the case, it will be presumed that the town officers did their duty and complied with the provisions of the law authorizing appeals and for the further reason that, if the bond was irregularly executed, the matter should have been presented in the trial court where any defect might have been corrected by filing a new bond in accordance with §1354 Burns 1914, §1283 R. S. 1881. p. 337.

From Gibson Circuit Court; *Simon L. Vandeveer,* Judge.

Action by the Town of Fort Branch and others to annex contiguous territory. Opposed by William

Patterson and another. From a finding of the board of county commissioners denying annexation, the petitioners appeal to the circuit court, and, from a judgment there granting annexation, the contestants appeal. *Affirmed.*

*Claude A. Smith* and *Oscar Lanphar*, for appellants.

*Harvey Harmon*, for appellees.

IBACH, J.—Appellees, proceeding under the provisions of a statute passed by the legislature in 1909, §§8899b, 8899c, Burns 1914, Acts 1909 p.450, petitioned the board of commissioners of Gibson county to annex contiguous unplatted territory to the town of Fort Branch. Appellants appeared before the commissioners and opposed the annexation of the territory described in the petition and in the plat of the territory which was made a part of such petition. Evidence was heard and a finding made that the lands should not be annexed. Within thirty days thereafter, appellees filed their appeal bond with the county auditor and appealed to the Gibson Circuit Court. In the circuit court appellants filed their motion to dismiss the appeal, which motion was overruled. A trial resulted in a finding and judgment that the territory involved should be annexed.

The errors assigned arise on the overruling by the circuit court of appellant's motion to dismiss the appeal from the county commissioners' court, and on the sufficiency of the evidence to support the judgment of the Gibson Circuit Court. The sufficiency of the petition is not questioned, but it is first contended that the right of appeal is purely statutory; that the annexation of contiguous unplatted territory to a town is a special proceeding under the statute heretofore mentioned, which does not pro-

vide for an appeal, and therefore there is no appeal from the action of the board of commissioners to the circuit court as was allowed in this case. The evident purpose of the statute was to enable municipalities such as appellee town to annex contiguous territory. Provision was made therein for a hearing on a petition filed for that purpose by boards of commissioners and, while the act itself does not provide for an appeal

1. from the action of such boards, we are of the opinion that the general statutes which give the right to appeals, §§6021, 6022, 6023, Burns 1914, §§5772, 5773, 5774 R. S. 1881 apply to the case at bar. If it had been the intention of the legislature to deny the right of appeal in such instances, the act itself would have so provided, and in the absence of such a provision it is to be presumed that the legislature intended that the statutes, *supra*, relating to appeals from such boards, should apply and that an appeal might be taken by either party to such proceedings. The following cases support this construction: *Paul* v. *Town of Walkerton* (1898), 150 Ind. 565, 571, 50 N. E. 725; *Forsythe* v. *City of Hammond* (1895), 142 Ind. 505, 40 N. E. 267, 41 N. E. 950, 30 L. R. A. 576; *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549, 557

It was also urged in the motion to dismiss the appeal, and it is again urged here, that what purported to be a transcript of the record from the commissioners' court was not certified to by the county auditor, and for that reason the appeal should have been dismissed; also, that in order for a town to appeal, some steps must first be taken by the trustees authorizing an appeal, and in this case no such action was taken by them and the bond in this case was not signed by such trustees in behalf of the town, but by the town attorney.

As to the first of these contentions, we are unable to find anywhere in the record that any objection was ever made to the insufficiency of the transcript either in the motion to dismiss the appeal, or at the trial of the cause in the circuit court; but the record does disclose the fact that there was a full appearance in the circuit court by all appellants. If this objection had been urged in the court below, the transcript could have been corrected on motion of either party.

The record further discloses that the appellee town filed an appeal bond, as the statute requires, with the auditor of the county, which was by him approved. It then became his duty to prepare a proper transcript of the proceedings before the county commissioners and to certify the same to the clerk of the circuit court of the county and deliver the appeal bond to him as well. Such bond need not be copied in or made a part of the transcript, but a delivery of the same to the clerk will be a sufficient compliance with the statute in that particular. It is also our opinion that the facts of this case are sufficient to warrant the conclusion that the failure of the auditor to properly certify the transcript to the clerk of the circuit court is not a sufficient ground to warrant a reversal of the cause. The failure of the auditor to do his duty will not in all cases be chargeable against the appellees, and will not in all cases affect the jurisdiction of this court. Especially is this true where it is made to appear that the cause was adjudicated by the trial court after a full appearance of the parties and a trial had on the merits and no objection made to the form of the transcript until an appeal has been taken to this court. *Board, etc.* v. *Loeb* (1879), 68 Ind. 29; *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 485, 487, 71 N. E. 494.

What has been said with reference to the transcript will also apply to the objection here urged

3. that the appeal bond was signed by the town attorney instead of the town trustees, and without direct authority from them. The bond was approved by the county auditor, was considered properly executed by the parties, and the objection now urged against it is urged for the first time in the brief of appellant. It is to be presumed that the officers of appellee town did their duty and complied with the provision of the law authorizing appeals in such cases, and, if the bond in this case was irregularly executed, it was the duty of appellants to present that matter to the trial court. No presumptions will be indulged against the validity of the bond and since the bond in this case was approved by the county auditor and filed with the county clerk it will be held to have been sufficient for the purposes of this appeal, and if any defect therein was shown, such defect could have been remedied when the case reached the circuit court by filing a new bond. §1354 Burns 1914, §1283 R. S. 1881; *Bennett* v. *Seibert* (1894), 10 Ind. App. 369, 37 N. E. 1071.

Appellants introduced no evidence at the trial. The trial court found that the evidence presented by appellee was sufficient to support the petition, and we believe there is some evidence in the record to support that conclusion. We find no error in the record necessitating a reversal of the cause. Judgment affirmed.

NOTE.—Reported in 113 N. E. 319. See under (2) 4 C. J. 504; 3 Cyc. 148; (3) 2 Cyc. 837, 850.