INDIANA STATE BOARD OF DENTAL EXAMINERS ET AL. *v.* DAVIS.

[No. 9,973.  Filed December 4, 1917.  Rehearing denied March 15, 1918.  Transfer denied December 31, 1918.]

1.  PHYSICIANS AND SURGEONS.—*Admission to Practice Dentistry.— Refusal.—Review of Decision.—Scope.—Statutes.—*Where it plainly appears from the record that an applicant for admission to practice dentistry submitted himself to an examination and produced credentials under §6106 Burns 1914, Acts 1913 p. 340, and that he appealed to the superior court under that section as an applicant who had failed to pass the general examination, the question of his right to license under a reciprocal arrangement with another state was not presented to the board, nor is

the Appellate Court required to pass upon the validity of such reciprocal arrangement where the applicant's petition on appeal to the superior court does not aver facts showing that he sought to avail himself of the reciprocal arrangement with a state in which he had practiced.  p. 117.

2.  PHYSICIANS AND SURGEONS.—*Admission to Practice Dentistry.— Refusal.—Right of Appeal.—Statutes.*—Under §6106 Burns 1914, Acts 1913 p. 340, that an unsuccessful applicant for a license to practice dentistry may appeal from the dental board to the circuit or superior court, and §671 Burns 1914, §632 R. S. 1881, giving the right of appeal to the supreme court from all final judgments of the circuit or superior courts, an appeal lies from the judgment of the superior or circuit court on an appeal from the board of dental examiners.  p. 118.

3.  PHYSICIANS AND SURGEONS.—*Application for License to Practice Dentistry.—Nature of Proceedings.*—The dental board in determining under §6104 *et seq.* Burns 1914, Acts 1913 p. 340, that an applicant is not entitled to a certificate to practice dentistry acts as an administrative body rather than as a judicial tribunal, its duties being administrative, or at most but *quasi*-judicial.  p. 124.

4.  PHYSICIANS AND SURGEONS.—*Admission to Practice Dentistry.— Refusal.—Review of Decision.—Parties.*—On appeal under §6106 Burns 1914, Acts 1913 p. 340, to the circuit or superior court from a decision of the board of dental examiners, refusing an applicant a certificate to practice dentistry, the board and its members are proper parties to the proceedings, and are parties to further appeal from the judgment rendered by the circuit or superior court, and may take such appeal.  p. 124.

5.  PHYSICIANS AND SURGEONS.—*Admission to Practice Dentistry.— Refusal.—Review of Decision.—Scope of Review.*—On appeal under §6106 Burns 1914, Acts 1913 p. 340, to the circuit or superior court from a decision of the board of dental examiners refusing an applicant a certificate entitling him to practice dentistry, the court cannot determine the competency of the applicant as an original proposition, but can only determine whether he has been subjected to a fair and reasonable examination, conducted under a proper construction of the statute (§6104 *et seq.* Burns 1914, Acts 1913 p. 340), and if he has, the court must affirm the action of the board, but if he has been the victim of discrimination, mistake, fraud, or other wrongful conduct, or where unreasonable or illegal rules have been promulgated and enforced against him by the board, or the board has misinterpreted the law and applied it against him, the trial court should certify the proceedings back to the board with directions that

applicant, if otherwise eligible, be permitted to subject himself to a proper examination. p. 127.

From Vigo Superior Court; *Josiah P. Walker,* Special Judge.

Proceedings on an appeal by Wilbur E. Davis from the action of the Indiana State Board of Dental Examiners and others denying him a license to practice dentistry. From a judgment for plaintiff, this appeal is prosecuted. *Reversed.*

*Ele Stansbury,* Attorney General, *William Horsely, Paul G. Davis* and *Clarence A. Royse,* for appellant.

*George W. Wells* and *Duvall & Whitaker,* for appellee.

CALDWELL, J.—At the November meeting, 1916, of the state board of dental examiners, the appellee, under the provisions of §6104 *et seq.* Burns 1914, Acts 1913 p. 340 *et seq.,* submitted himeslf to an examination with a view of obtaining a license to practice dentistry in this state. Under the rules of the board such an applicant is required to pass both a practical and also a theoretical or written examination. As determined by the board, appellee passed successfully the practical branch of the examination, but failed in its theoretical branch. As a consequence the board declined to issue to him a certificate entitling him to a license to practice dentistry in this state. Thereupon appellee, being a resident of Vigo county, appealed to the superior court of Vigo county under the provisions of §6106 Burns 1914, *supra,* praying that the board be required to show cause why he should not be permitted to practice dentistry in the state. In response to a writ issued by the court and directed to appellants, said board and its members, as such, made return to such writ in the form of

an answer filed to appellee's petition and said writ, whereby appellants pleaded, among other matters, the failure of appellee to pass such examination successfully. To such answer, denominated a return to the writ, appellee filed a general denial. A trial before the court resulted in a finding and judgment in appellee's favor. The judgment is to the effect that appellee is, and at the time of such examination was, qualified to practice dentistry in Vigo county, and that he is, and at said time was, entitled to a license to that effect. By the judgment the clerk of the court was ordered to issue to appellee a license to practice dentistry in said county, in form and substance as prescribed by §6109 Burns 1914, *supra.*

Three questions are presented: First, does the statute contemplate an appeal from the action of the trial court in such a proceeding as this? Second, were the state board of dental examiners and the members thereof proper parties to the proceeding in the trial court, and are they proper parties in this court if the cause is appealable? Third, in such a proceeding in the trial court, is it contemplated that the investigation should extend to a broad inquiry respecting the appealing applicant's competency to practice dentistry, uninfluenced by any examination that he may have failed to pass successfully, or should the inquiry be limited to whether there was an examination fairly and impartially conducted, and whether the applicant passed such examination successfully, or whether the board fairly determined that he did or did not pass such examination successfully? If either the first or the second question must be answered in the negative, the cause should be dismissed. If both these questions are answered in the affirmative, the third ques-

tion requires an examination into the merits of the appeal. These questions arise out of rulings made on various demurrers and motions, and on the admitting and excluding of evidence offered.

We proceed to outline the statutes applicable, the reference being to Burns 1914: It is unlawful to practice dentistry in this state without a license. §6104, *supra.* The state board of dental examiners is required to examine all applicants who present the specified credentials, and to issue certificates to all who pass a satisfactory examination. §6105, *supra.* Such credentials include a diploma issued to the applicant by a dental college of a certain recognized and designated standing. Certain fees must be paid also. §6106, *supra.* Subsequent sections provide that, upon the receipt of such a certificate from the board, the applicant may present it to the clerk of the circuit court of the county in which he resides, and thereupon receive a license of a specified form and substance, authorizing him to practice dentistry in such county. Section 6114, *supra,* among other things, requires that the board make and keep a record of all applications and their contents, and also the board's action thereon, and that the board shall also retain all examination papers for a period of one year from the date upon which the examination is held. The board is required to enforce the act and it is the duty of the proper prosecuting attorney to prosecute all violations on complaint of the board. §6115, *supra.* It is made the duty of the board also to establish a schedule of minimum requirements to be complied with by applicants in order that certificates may issue to them, and likewise a schedule of rules for the recognition of dental colleges in order that their

diplomas may be accepted as credentials of applicants. §§6116, 6117, *supra*. The board is authorized to establish rules for the reciprocal recognition of certificates issued by other states. §6118, *supra*. Two situations give rise to the right of appeal: First, "if such applicant shall fail to pass the examination prescribed by said board, he shall have the right of an appeal to the circuit or superior court of the county in which he resides requiring said board to show cause why such applicant should not be permitted to practice dentistry." §6106, *supra*. Second, the board is authorized to refuse to issue a license (certificate) and may suspend or revoke a license (or certificate) theretofore issued, where it appears that the applicant procured his certificate by fraud, or has been convicted of a felony, and in certain other cases. §6119, *supra*. In any such case there may be a hearing before the board on notice, and from an unfavorable determination of the board the person affected "may appeal to the circuit or superior court of the county in which he resides." §6120, *supra*. It is made the duty of the attorney-general "and of the prosecuting attorney of the court to which an appeal from any action of the board may be taken, to represent the board in any such appeal," and in addition the board may employ an attorney to assist in any legal proceedings. §6121, *supra*.

The material facts disclosed by the record are as follows: Appellee graduated from the New Orleans College of Dentistry in 1906. That college conforms to the rules and requirements established by the board under §6117, *supra*. From 1906 to May, 1916, appellee practiced dentistry in Louisiana, except a short time early in 1910, during which he practiced

in Florida. In May, 1916, he came to Terre Haute, Vigo county, and at the November, 1916, meeting of the board he presented the necessary credentials, and in common with a number of other applicants submitted to such an examination as is contemplated by §6106, *supra*. The scope of such an examination under the rules of the board includes both a practical and a theoretical phase. The former deals with the ability of applicants to do actual work, such as filling teeth, etc., and the latter is directed to determine the knowledge of applicants of the various sciences and subsciences at the basis of dentistry, and is in writing. As ascertained by the board, appellee passed the practical examination successfully, but fell below the minimum requirements in the theoretical examination in a number of particulars. As a consequence the board denied him a certificate. In so doing it is not charged that the board was actuated by partiality, or that it was guilty of fraud. In fact, it seems to be conceded that appellee, although given a "square deal," failed to pass the examination as indicated. Appellee thereupon appealed to the Vigo Superior Court under the provisions of §6106, *supra*. Something is said in the briefs to the effect that appellee's appeal to the superior court was prosecuted under §§6119, 6120, *supra*. The averments of his petition and all the facts indicate plainly that the appeal was taken under §6106, *supra*. Thus he appealed from the action of the board in an examination which he failed to pass, and he prayed the court that the board be required to show cause, etc. The record does not present a case of a revoked or suspended certificate, or of the refusal to issue a license or certificate by reason of fraud, crime, etc. Appeals under

§6120, *supra,* are limited to situations where such elements, or at least one of them, are present.

Under the provisions of §6118 the Indiana board had entered into an arrangement with the dental boards of a number of states, including Louisiana, indicated by the following:

> "Reciprocal relations have been established with * * · * Louisiana upon the following terms: Any applicant who has been in the legal and ethical practice in any of the above states for not less than five years, and who is a member of the State Dental Society and has the recommendations of the Board and Society of his state, may be admitted to our examinations at any regular meeting, and excused from all theoretical examination, being required to pass the practical as above."

Had appellee sought to avail himself of such arrangement, and to that end produced satisfactory proof that he had been in the practice of dentistry in Louisiana for the required time, and that he was a member of the state dental society of that state, he would have been entitled to a certificate by passing successfully the practical phase of the examination, on producing recommendations from the Louisiana state board and state dental society. Had he elected to pursue such course he should not have submitted himself to the theoretical examination. Appellee, however, did not produce before the Indiana board all the credentials prescribed by such arrangement, but rather elected to submit himself to an examination under §6106, *supra,* as we have said.

At the trial had in the superior court on appeal

appellee grounded his right to a license on each of two theories: First, under such reciprocal ar-

1.　rangement; second, that he is a competent dentist. In support of the first theory he introduced evidence tending to show that he had been in the legal practice of dentistry in Louisiana for more than five years. He introduced also the certificate of the Louisiana state board of dental examiners recommending that a license be issued to him under such reciprocal arrangement. It is urged in this court that a requirement that an applicant be a member of and that he produce a recommendation from such a body as a state dental society is unreasonable and void, and hence that appellee was entitled to a license under such reciprocal arrangement. We are not required to determine the validity of such requirement, as such theory is not in harmony with appellee's attitude before the board, and is foreign to the case presented by his petition on appeal to the superior court. The petition contains no averment that he had practiced dentistry in Louisiana for five years, but does contain an allegation that he had practiced in Louisiana and Florida for ten years prior to 1916. It is not averred in his petition that he submitted to the board evidence that he had practiced in Louisiana for at least five years, or that he had procured a recommendation from the Louisiana state dental board. It plainly appears from the record that appellee submitted himself to an examination and produced credentials under §6106, *supra,* and that he appealed as an applicant who had failed to pass the general examination. The question of his right to a license under such reciprocal arrangement was not presented to the board.

Appellee in support of his second theory introduced as witnesses certain dentists with whom he had worked in Vigo county. These witnesses testified in detail respecting appellee's qualifications as measured by work that they had observed him do in the various departments of dentistry, and that he was a competent dentist.

The parties differ widely respecting the scope of an examination on appeal under §6106, *supra.* Appellants contend that the investigation should be limited to an inquiry whether the applicant successfully passed an examination fairly and impartially conducted. It is appellee's position, however, that the fact of a failure to pass an examination is important only as giving rise to the right to appeal, and the broad subject of the competency of the applicant is the question to be tried by the court.

Leaving this controversy for later discussion, we shall proceed first to consider the preliminary questions: First, whether there may be an appeal from the judgment of the circuit or superior court in such a proceeding as this. It will be observed that the Dental Board Act (§6104 *et seq., supra*) neither expressly grants nor denies the right to such an appeal. The right to appeal is statutory. *Lake Erie, etc., R. Co.* v. *Watkins* (1901), 157 Ind. 600, 62 N. E. 443. It follows that, unless there is some statute authorizing an appeal here, this court has no jurisdiction, and the appeal should be dismissed. The proceeding is plainly not governed by the Criminal Code, and since the Dental Board Act, *supra,* is silent respecting the right of appeal from the judgment of the trial court, if there is statutory authority for such an appeal, it must be found in the Code of Civil Pro-

cedure.   Section 671 Burns 1914 is a part of such
Code.   It is to the effect that appeals may be taken
from circuit and superior courts from all final judg-
ments, with certain exceptions unimportant here.
That section is §628 of the Code of Civil Procedure
enacted in 1881 (Acts of the Regular and Special
Sessions of 1881, p. 240; §632 R. S. 1881).   The title
of that act is "An act concerning proceedings in
civil cases."   That section then grants the right to
appeal from all final judgments of circuit and supe-
rior courts in all civil cases.   That grant, however,
is general, and therefore must yield to a special pro-
vision to the contrary found in a special act, but, as
we have said, the Dental Board Act neither expressly
nor impliedly provides otherwise.   The judgment
appealed from here is a final judgment, and if the
cause involved is a civil case within the meaning of
the act of 1881, the right to appeal exists.   The phrase
"civil case" or "civil action" as used in our system
of jurisprudence has a narrow, and also broad mean-
ing.   The Constitution provides that in all civil cases
the right to trial by jury shall remain inviolate.
Art. 1, §20, §65 Burns 1914.   As so used in the Con-
stitution the phrase "civil cases" has its narrow
meaning, and includes only what is known as civil
actions at common law.   *Ex parte Walls* (1880), 73
Ind. 95; *In re Talbot* (1915), 58 Ind. App. 426, 108
N. E. 240.   The Code provides that there shall be but
one form of action for the enforcement or protection
of private rights, and the redress of private wrongs,
which shall be denominated a civil action.   §249 Burns
1914, §249 R. S. 1881.   The term "civil action" as so
used is much more comprehensive than the term
"civil case" as used in the Constitution.   *Allen* v.

*Anderson* (1877), 57 Ind. 388. As this proceeding is prosecuted by appellee for the purpose of enforcing a private right which he asserts exists in his favor, it would seem that the former term is broad enough to include this proceeding. As used in statutes, the terms "civil cases," "civil causes" and "civil actions" are construed as including all cases except criminal cases. *State, ex rel.* v. *Gerdink* (1909), 173 Ind. 245, 90 N. E. 70; *Robertson* v. *State, ex rel.* (1887), 109 Ind. 79, 10 N. E. 582; *Evans* v. *Evans* (1886), 105 Ind. 204, 5 N. E. 24, 768. In the case last cited the court quotes from *Deer Lodge Co.* v. *Kohrs* (1874), 2 Mont. 66, 70: " 'What is a civil action? It is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar.' " It would seem apparent that the proceeding here comes within such description of a civil action or civil case, and that as a consequence it is appealable under the general code provision.

The decision, however, is otherwise in *French* v. *Lighty* (1857), 9 Ind. 475, involving an appeal in a proceeding to contest an election brought under a statute that did not specifically provide for an appeal from the judgment of the circuit court. It is held there in substance that the Criminal Code and Civil Code each provided for appeals in causes triable under such respective codes; that a special statute rather than either code provided for the trial of proceedings to contest elections, and as such special

statute did not authorize an appeal the cause was not appealable. In *Pittsburgh, etc., R. Co.* v. *Gillespie* (1902), 158 Ind. 454, 63 N. E. 845, the Supreme Court recognizes that the doctrine in *French* v. *Lighty, supra,* had been overruled by *Grusenmeyer* v. *City of Logansport* (1881), 76 Ind. 549, to the extent that it held that there is no right of appeal in a special proceeding prosecuted for a special purpose, based on a special statute which gives no right of appeal. The Grusenmeyer case involved the question whether a proceeding brought before a board of commissioners under a special statute which neither authorizes nor denies an appeal to the circuit court is nevertheless appealable to the latter under the general statute providing for appeals from county boards. The court there laid down a general rule applicable by analogy here as follows: "We therefore hold, that, under section 31 of the general law, there is a right of appeal from any decision of a judicial character, made by a county board in any proceeding, unless the right is denied expressly or by necessary implication, * * *." The rule is rather more specifically stated in *Chicago, etc., R. Co.* v. *Railroad Comm., etc.* (1906), 38 Ind. App. 439, 78 N. E. 338, 79 N. E. 520, as follows: "It is well settled that, under a general statutory provision providing for an appeal from all decisions of the board of county commissioners, an appeal may be taken from any order of the board, if the duty of the board involves judicial action, unless the right of appeal is expressly or impliedly denied by the statute creating the duty. And it is also settled that an appeal will not lie under this general provision if the duty of the board does not involve judicial action, but

consists in the performance of administrative, ministerial or discretionary powers. However, an appeal will lie from the action of the board where the only power exercised by the board is administrative, ministerial or discretionary, if an appeal is expressly authorized by statute." See, also, the following: *Myers* v. *White* (1914), 182 Ind. 108, 105 N. E. 775; *Cushman* v. *Hussey* (1916), 60 Ind. App. 464, 111 N. E. 23; *Patterson* v. *Town of Ft. Branch* (1916), 62 Ind. App. 333, 113 N. E. 319; *Platter* v. *Board, etc.* (1885), 103 Ind. 360, 2 N. E. 544; *Bryan* v. *Moore* (1881), 81 Ind. 9.

The following seem to apply the same rule to cases of appeal from judgments of circuit courts: *Board, etc.* v. *Pressley* (1882), 81 Ind. 361; *Pittsburgh, etc., R. Co.* v. *Gillespie, supra,* 457; *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, 81 N. E. 1156, 82 N. E. 540.

The situation here should be distinguished from a case wherein the court acts in an executive or administrative capacity rather than according to the course of the common law. *City of Indianapolis* v. *Hawkins* (1913), 180 Ind. 382, 103 N. E. 10.

Moreover, "statutes are to be regarded as forming parts of one great and uniform body of law, and are not to be deemed isolated and detached systems complete in themselves." *Robertson* v. *State, ex rel., supra.* In harmony with such principle of construction, it is universally held in this state to the extent that our search has disclosed that the Civil Code is applicable to proceedings brought under special statutes, except where such statutes provide their own procedure or exclude the Civil Code. Among decisions that might be cited, see the following: *Robertson* v.

*State, ex rel., supra; Clarkson* v. *Wood* (1907), 168 Ind. 582, 81 N. E. 572; *Evans* v. *Evans, supra; Powell* v. *Powell* (1885), 104 Ind. 18, 3 N. E. 639; *Scherer* v. *Ingerman* (1887), 110 Ind. 428, 11 N. E. 8, 12 N. E. 304; *Weakley* v. *Wolf* (1897), 148 Ind. 208, 47 N. E. 466.

The act providing for the licensing of physicians (§8400 *et seq.* Burns 1914; Acts 1897 p. 255, Acts 1899 p. 247) as amended in 1901 (Acts 1901 p. 475, §8405a *et seq.* Burns 1914), provides in substance that where the examining board refuses to issue a certificate to an applicant, or revokes one theretofore issued, by reason of the applicant's fraud or crime, etc., the applicant may appeal to the proper circuit court, and that "appeals from the judgment of said court may be prosecuted to the Supreme Court as in other civil cases, either by said board in its own name or by the applicant ·* * *, where the judgment may be against him." There is a like provision in the present Pharmacy Act, §9735c Burns 1914, Acts 1911 p. 443. It may be very plausibly argued that the fact that such right of appeal is granted by the terms of such kindred acts tends to establish that, where not expressly authorized, the right does not exist. We do not believe, however, that such conclusion necessarily follows. In our judgment the provision for an appeal from the circuit court in such acts is but in recognition of a right that existed because neither expressly nor impliedly denied. We hold that the cause is appealable, and that this court has jurisdiction to determine it.

We proceed to the question whether the state board of dental examiners and its members as such are proper parties to this appeal. On this question ap-

pellee's argument is to the effect that the proceeding was at its inception *ex parte* in nature, appellants constituting the tribunal before which the cause was tried; that constituting the tribunal they could not properly be parties; that the cause retained its *ex parte* nature throughout all the subsequent steps,. including the appeal to this court, and hence that the appellants are not proper parties here; that moreover, by the terms of the judgment as rendered by the trial court, appellants are not in terms parties thereto, and consequently not affected thereby.

Respecting this argument, it may be said that the board in determining that appellee was not entitled to a certificate acted..as an administrative body rather than as a judicial tribunal. *Meffert* v. *Medical Board* (1903), 66 Kan. 710, 72 Pac. 247, 1 L. R. A. (N. S.) 811, and cases. The duties performed by them were administrative or executive, or at most but *quasi*-judicial. *State, ex rel.* v. *Webster* (1898), 150 Ind. 607, 621, 50 N. E. 750, 41 L. R. A. 212.

We proceed to an examination of the act (§6104 *et seq., supra*) in order that we may determine appellants' relation to the controversy. Section 6106 provides, as we have said, that on failure to pass an examination the applicant may appeal, "requiring said board to show cause," etc. Appellee by his petition and the writ issued thereon brought appellants into court, the court's order issued on the petition being that they show cause, etc. Appellants being thus brought into court filed an answer, which appellee recognized by filing a reply thereto. An obligation to show cause, etc., is ordinarily an obligation resting upon an adversary party. Appellee so

recognized it as indicated. By the terms of §6115, *supra,* it is made the duty of the board to enforce the act. By the provisions of §6121, *supra,* the attorney general and the proper prosecuting attorney are charged with the duty of representing the board in any appeal that may be taken from any action of the latter, and the board by such section is authorized to employ an attorney to assist the Attorney-General or prosecuting attorney in any such proceeding. The board is thus not only required to show cause, etc., but also to be present by representatives, and also authorized to employ special attorneys as other representatives. These provisions indicate that the statute contemplates that the board be present as a party adverse in interest to the appealing applicant. As we have said, the board, in denying appellee a certificate, acted in an administrative rather than strictly in a judicial capacity. In case of an appeal from the act of an administrative body, it is not unusual or inconsistent for such body on appeal to be required to take an adversary position in some representative capacity. For example, boards of county commissioners in the allowance or disallowance of claims against the county. *State, ex rel.* v. *Perry* (1902), 159 Ind. 508, 65 N. E. 528; *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446, 453, 62 N. E. 45; *Board, etc.* v. *Pressley, supra,* 366; *Board, etc.* v. *Heaston* (1896), 144 Ind. 583, 41 N. E. 457, 43 N. E. 651, 55 Am. St. 192.

We conclude that under the Dental Board Act and in such a proceeding as this, the board and its members as such are proper parties on appeal both to the trial court and this court. Our attention is called to some language used by the court in *In re Application of Coffin, etc.* (1899), 152 Ind. 439, 53 N. E. 458,

involving a similar act, not necessary to the decision of the question before the court, but which literally construed would seem to be at variance with our conclusion. It is significant, however, that in a later case, *Indiana Board, etc.* v. *Haag* (1916), 184 Ind. 333, 111 N. E. 178, also involving a similar act, the board stood without challenge as an adverse party on appeal both to the circuit court and the Supreme Court.

It is urged, however, that appellants are not parties to the judgment appealed from, and consequently that they cannot maintain this appeal. The judgment is a final judgment. If, then, appellee is right in his contention, we have the peculiar situation of a final judgment in an adversary and appealable cause, with no one authorized to prosecute an appeal. We do not agree with appellee's contention, however, that appellants are not parties to the judgment. The record discloses throughout the proceedings in the trial court that appellants, standing charged under the statute with the protection of certain important public interests, were parties adverse to appellee. The judgment entry is to the effect that the parties being present, the court finds in favor of appellee on all questions involved. There follows a judgment or decree to the same effect, to which appellants reserved an exception. The finding and judgment in appellee's favor, embracing as it does all matters in controversy, is the same in legal effect as if such finding and judgment were in terms against appellants. It sufficiently appears that appellants by reason of the duty with which they stood charged had a substantial interest in the subject-matter of the litigation, and that, if right in their contention, they were prejudiced by the judgment. Although nothing was in

terms adjudged or decreed against them, the judgment was nevertheless against them, since it disposed of all matters in controversy adverse to their contention, and adverse to the interests which they were seeking to protect, and which it was their duty to protect as disclosed by the record. See the following: *Brooks* v. *Doxey* (1880), 72 Ind. 327; *Ladd* v. *Kuhn* (1899), 154 Ind. 313, 56 N. E. 671; *Union Traction Co.* v. *Basey* (1905), 164 Ind. 249, 73 N. E. 263; *Campbell et al. Co.* v. *Souders* (1917), 64 Ind. App. 138, 115 N. E. 354.

We proceed to a consideration of the principal question involved, that is, the scope of the investigation where an unsuccessful applicant at an examination conducted by the dental board appeals to the circuit or superior court. Does the statute contemplate that the court shall take the place of the dental board and from the hearing of testimony determine the competency of the applicant as an original proposition; or should the court from testimony pass on the question whether the applicant's answers to the questions submitted to him at the examination were or were not correct, regardless of the action of the board in such matter; or should the investigation be limited to an inquiry whether the examination was fair and impartial and conducted by the board in a reasonable manner and with an intelligent comprehension of the statute under which the examination is held? These questions have not been answered by any court of appellate jurisdiction in this state under the Dental Board Act or any similar act. The remedy by appeal under the Medical Act (§8400 *et seq.* Burns 1914, *supra*) is recognized, but

its scope is not determined in *State, ex rel.* v. *State Board, etc.* (1909), 173 Ind. 706, 91 N. E. 338.

The history of legislation discloses that in this, as in many other states, there has been developed gradually a policy to commit to boards of experts the question of what persons are qualified and competent, and should be permitted to practice in professions and engage in callings that bear directly upon the public health. Originally any person might legally practice medicine or dentistry or compound medicines or the like. His fitness to do so was measured only by public estimation. The present policy of the state is indicated by its statutes in force. Thus, in order that any person may legally practice medicine, surgery, or obstetrics in this state, his competency to do so much first be determined by a board of physicians, the members of which are selected by reason of their professional skill and learning (§8440 *et seq., supra*). As we have indicated, there is a like provision in case of dentists, and likewise respecting pharmacists (§9720 *et seq.* Burns 1914, Acts 1899 p. 112) and professional or trained nurses (§9090 Burns 1914, Acts 1905 p. 55) and veterinary medicine and surgery dealing with the health of animals (§8412 *et seq.* Burns 1914, Acts 1905 p. 165). It is therefore apparent that at least in the first instance it has become the settled policy of this state that the question of what persons possess the requisite special knowledge and skill to qualify them to engage in callings thus closely related to the public health should not be committed to the determination of the technically uninformed. It is to be presumed that courts are not learned in the science and art of dentistry. *Raaf* v. *State Board, etc.* (1906), 11 Idaho 707, 84 Pac. 33. If the appeal pro-

vision contained in §6106, *supra,* must be construed as conferring on courts the power to determine ultimately what persons are competent to practice in that profession, regardless of the action of the dental board in any particular case, it is evident that such settled policy of the state is thereby to a large extent nullified.

It is universally held that the purpose back of laws regulating the practice of medicine, surgery, dentistry, and the like, is the protection of the people against those not qualified for such service, and to that end to require a certain standard of proficiency and skill in order to qualify an applicant to practice such professions. *State, ex rel.* v. *Webster, supra; State Board, etc.* v. *Fowler* (1898), 50 La. Ann. 1358, 24 South. 809; *Van Vleck* v. *Board, etc.* (1897), (Cal.) 48 Pac. 223, 44 L. R. A. 635; *Barton* v. *Schmershall* (1912), 21 Idaho 562, 122 Pac. 385.

To accomplish such purpose, laws as a rule commit to a board of experts the question of the competency of applicants for license. Many of the statutes respecting the practice of medicine, dentistry, and the like, and creating boards charged with the duty of passing on the qualifications of applicants for license, contain no specific provision granting the right of appeal from such boards to the courts or any like remedy. Under such statutes, it is held with practical uniformity that as a general rule the determination of the board respecting the competency of an applicant is final, the exception being that such determination is reviewable by the courts in a proper proceeding where it appears that the board acted unreasonably, arbitrarily, unfairly, illegally, or under a misconception of the statute and the powers thereby

delegated. See the following: *State* v. *Miller* (1910), 146 Iowa 521, 124 N. W. 167; *State, ex rel.* v. *Chittenden* (1902), 112 Wis. 569, 88 N. W. 587; *State* v. *Schmidt* (1909), 138 Wis. 53, 119 N. W. 647; *Barton* v. *Schmershall, supra; State Board, etc.* v. *Fowler, supra; Van Vleck* v. *Board, etc., supra; Richardson* v. *Simpson* (1913), 88 Kan. 684, 129 Pac. 1128, 43 L. R. A. (N. S.) 911; *Williams* v. *State Board, etc.* (1913), 120 Minn. 313, 139 N. W. 500; *Traer* v. *State Board, etc.* (1898), 106 Ia. 564, 76 N. W. 853; *Raaf* v. *State Board, etc., supra; State, ex rel.* v. *Adcock* (1910), 225 Mo. 335, 124 S. W. 1100.

The facts in *In re Littlefield* (1910), 61 Wash. 150, 112 Pac. 234, were very similar to those involved here. The Washington statute, however, is more specific than ours. The latter is to the effect that the applicant may appeal "requiring the board to show cause," etc. The procedure is not outlined. The former in general terms grants the right of appeal to the proper superior court, the right to be exercised by taking certain steps within a named time, with a provision for the transmitting of a transcript to the clerk of court, and that the cause shall thereupon be docketed and stand for trial in all respects as ordinary civil actions, and that like proceedings be had therein and that the trial shall be *de novo*. It is held under such statute that on appeal it is the duty of the court actually to try and determine the question of the applicant's competency and consequent right to a license. By way of illustration that there is nothing unusual in a requirement that a court try the technical question of competency to practice medicine, reference is made to the fact that courts are frequently called on to try questions of insanity. It

seems to us, however, that the illustration presents a very different case from that decided. It is true that courts and juries are deemed competent to try questions of sanity, and arrive at a determination based on both expert and nonexpert evidence. However, the symptoms of insanity are open to general observation. In all proceedings involving such an issue, the nonexpert witness is deemed competent to give an opinion entitled to weight based on his own observation. But it seems to us that to commit to the nonexpert the authority to determine finally the competency of an applicant to practice dentistry, medicine and the like is taking a long step backward. If such a policy should be adopted, there is no reason why the testimony heard should come only from expert witnesses. If a nonexpert is competent to decide, a nonexpert is also competent to testify. Such a policy would lead to long trials involving conflicting evidence, the contradictions to be unraveled by nonexperts lacking the knowledge and experience to weigh the evidence with any degree of accuracy. It is a settled policy in this state that the question of the competency of an individual to practice dentistry and the like cannot safely be left to the tribunal of general observation and experience. See also *State Board, etc.* v. *Jordan* (1916), 92 Wash. 234, 158 Pac. 982, to some extent similar to the Littlefield case.

*Hunstiger* v. *Kilian* (1915), 130 Minn. 474, 153 N. W. 869, 1095, involved a somewhat similar question. There a board of health denied an application for a permit to operate a rendering plant in a given town. From such denial the statute authorized an appeal to the district court. At a trial on appeal the court submitted to the jury the general question

of whether or not the operating of the plant would be injurious to the public health. The Supreme Court held that thereby the trial court erred. In the course of the opinion the following language was used: "The power to issue a permit or license to operate a rendering plant, and to assign the locality within which such a plant shall be operated, is an exercise of the police power of the state. The purpose of such regulation is to secure and safeguard the health and comfort of the community. The principle underlying the exercise of the power to license and regulate such an occupation is the same as that underlying the power to license and regulate professions that have to do with the preservation of health and the treatment of disease, * * * the proper regulation of which is essential to public health and comfort. * * * We think it equally clear that the legislature never intended that the court should put itself in the place of the town board, try the matter anew as an administrative body, and substitute its findings for those of the board." The court then in placing a limitation upon the investigation in the trial court under such an appeal, measures such limitation by the rule in case of appeals from certain other administrative boards, saying: "The rule applied on appeals from administrative boards having to do with the regulation of railways, is that the court will not disturb the judgment of the board whose action is under review, unless the action is arbitrary, oppressive or unreasonable, or without evidence to sustain it, or contrary to law." See, also, *Fohl* v. *Common Council* (1900), 80 Minn. 67, 82 N. W. 1097; *Steenerson* v. *Great Northern R. Co.* (1897), 69 Minn. 353, 72 N. W. 713.

The cases last cited appeal to us as sound. We have hereinbefore indicated that perhaps the fact that our statute differs from the Washington statute may to an extent distinguish the cases cited from the Supreme Court of that state. We proceed to examine our statute more in detail: It contains no general provision authorizing an appeal or outlining the procedure on appeal. It is to the effect that if the dental board shall determine that the applicant was unsuccessful in an examination to which he had been subjected "he shall have the right of an appeal to the circuit or superior court of the county in which he resides requiring said board to show cause why such applicant should not be permitted to practice dentistry." The appeal then primarily is for the purpose of requiring the board to show cause, etc. If it were contemplated on appeal that the court should proceed to try and determine the question of the applicant's competency and right to practice dentistry, why should a specific order go against the board that they show cause? It appears to us that the fact that the board is required to show cause is an indication that the power of the court is limited to a review of the action of the board, rather than that the court should try the question of competency independently of the board's prior determination. If it is contemplated that the court try the question *de novo,* why should there be a dental board? Why not abolish it and require all applicants to go before the proper court in the first instance on the question of his qualifications to practice? It is to be assumed that those who are plainly qualified to practice dentistry would be able not only to pass an examination successfully, but also to establish their competency before a court.

The purpose of the act creating the board is to authorize such persons to practice, but to weed out the incompetent. Such a construction of the appeal provision as is contended for by appellee would result in only the latter class appealing to the courts.. Under such a construction it is evident that the purpose of the act creating the board would be defeated, since thereby the question of the qualification of the incompetent would be submitted to the determination of the nonexpert. With the defeat of the purpose, why not abolish the board, and submit the competency of applicants in all cases to courts or juries? It seems to us that the reasonable construction of such appeal provision is as follows: The board when called on in an appeal to show cause why an applicant should not be permitted to practice dentistry, may point to the act, and respond that under the act only those holding licenses may lawfully practice dentistry in this state; that the applicant has no license and is not entitled to a license for the reason that he was unsuccessful in the examination to which he submitted himself under the act. The applicant may thereupon reply that such examination was not fair and impartial; or that the board arbitrarily refused him a certificate, or was guilty of other wrongful or fraudulent conduct to his prejudice; or that the board in conducting the examination misinterpreted the statute; or that it had adopted and promulgated unreasonable rules under the statute, or the like. It is our judgment that the foregoing is indicative of the scope of the examination on an appeal to the circuit or superior court. Such a construction of the act is not prejudicial to an applicant. It is plainly the policy of our law that applicants to

practice dentistry be subjected to an examination. If subjected to a fair and reasonable examination, conducted under a proper construction of the statute, the applicant has no just cause to complain, and the purpose of our Dental Board Act is thereby preserved and carried out. It might be said that under such a construction of the act an appeal is an empty procedure. We do not, however, so regard it. Under such a construction the question of the fairness of the examination and the legality of the action of the board may be tried and determined. Where, as here, an applicant appeals from the unfavorable action of the board respecting his examination, and the court on a trial finds that he has been subjected to an examination characterized, conducted and determined as we have indicated should be the case, nothing further remains to be done but to affirm the action of the board. But where the court finds that in the matter of the examination the applicant has been the victim of discrimination, mistake, fraud or other wrongful conduct, or that unreasonable or illegal rules have been promulgated and enforced against him, or that the board has misinterpreted the law and applied it to his detriment as so misinterpreted, or the like, as herein indicated, it results that the applicant has not been permitted to submit himself to such an examination as the statute contemplates, and hence in legal effect that he has not been subjected to an examination at all. It follows that in such case the court should certify the proceedings back to the board, with directions that applicant, if otherwise eligible, be permitted to subject himself to a proper examination properly and regularly called and conducted according to law, and that in such examination

the infirmity that characterized the former one, be cured. Our conclusion necessitates a reversal.

The judgment is reversed, with instructions to the trial court to sustain the motion for a new trial, and with permission to the parties to reform their pleadings if desired.

## ON PETITION FOR REHEARING.

CALDWELL, J.—It is urged that, in holding that the state board is a proper party to this proceeding on appeal, we ran counter to *In re Coffin, supra.* A like question was not involved in that case. There the state board of medical registration and examination denied an applicant, Eliza E. Coffin, a license to practice medicine, on the ground of gross immorality. She appealed to the Starke Circuit Court. At the time of the appeal Glazebrook was deputy prosecuting attorney for the Starke Circuit Court. Subsequently he left the county temporarily, and arranged with Robbins, a lawyer, to look after his business in court during his absence. Glazebrook was succeeded by Courtright as deputy prosecutor. In Glazebrook's absence, and after he had been succeeded by Courtright, Robbins as the representative of Glazebrook agreed with Coffin's attorneys that a judgment might be entered in her favor that she was entitled to a certificate for a license, and judgment was entered accordingly, and that the state board should issue such license. No question of parties was before the court. The question was as to Robbins' authority as the representative of Glazebrook to make such an agreement.

It may be said in addition that the appeal there was not prosecuted from an examination to determine

professional competency, or under a statute requiring the state board to show cause, etc., although the Medical Act involved contained such a provision. The appeal there was taken under §5 of the act then in force (Acts 1897 p. 255, *supra*) authorizing the state board to refuse or to revoke a certificate on account of gross immorality, and providing for an appeal.

In the original opinion we cited *Indiana Board, etc.* v. *Haag* (1916), 184 Ind. 333, 111 N. E. 178, not as an authority, but rather as somewhat illustrative of the practice. It is proper that we should say that the question of parties was not involved, and also that §3, *supra,* of the Pharmacy Act authorized the board to appeal in its own name. However, we discover no reason why we should depart from our original conclusion.

Petition overruled.