## INDIANA STATE BOARD OF DENTAL EXAMINERS ET AL. v. DAVIS.

[No. 23,907.    Filed May 8, 1923.    Rehearing denied October 26, 1923.]

DENTISTRY.—License Necessary.—Examination Required.—Exceptions.—Reciprocal Arrangements with Other States.—Statute.—The statute regulating the practice of dentistry (§§6104-6126 Burns 1914) requires each applicant for a license to pass an examination in practical and theoretical dentistry, excepting in so far as the State Board of Dental Examiners has entered into a reciprocal arrangement with other states whereby the certificates or licenses issued by such states shall be accepted in lieu of such examination, as authorized by §6118 Burns 1914, Acts 1913 p. 344, §15, and then any applicant claiming exemption from such examination must furnish to the Indiana State Board of Dental Examiners satisfactory evidence that he has complied with such reciprocal arrangements and obtained the required recommendation of the state board of registration or other body in the other state with which such agreement has been made.

From Vigo Superior Court; John S. Jordan, Special Judge.

Appeal by Wilbur Davis to the Vigo Superior Court from the action of the State Board of Dental Examiners in rejecting his application for a license.    From a judgment in favor of applicant, the board appeals.    (Transferred from Appellate Court on failure of four judges

to concur in the result under §1399 Burns 1914.)
*Reversed.*

*Ele Stansbury,* Attorney-General, *Clarence A. Royse*
and *Paul G. Davis,* for appellant.

. *Duvall & Whitaker* and *George W. Wells,* for appel-
lee.

EWBANK, J.—An appeal was taken to the superior
court from the refusal of appellant board to grant a
certificate of qualification for a dental license. The
applicant (appellee) recovered a judgment in that court
·from which a further appeal was taken. The decision
on appeal from a former judgment of the superior court
in this action was reported as *Indiana State Board, etc.,*
·v. *Davis* (1917), 69 Ind. App. 109, 121 N. E. 142, by
which the first judgment in favor of appellee was re-
versed and a new trial ordered. The opinion in that
case recited most of the facts shown by the record in
this appeal, and gave an epitome of the statutes which
must control, besides setting out (on page 116) the sub-
stance of an alleged "reciprocal agreement" between the
appellant board and the State Dental Board of Louisi-
ana, on certain provisions of which, appellee relies to
uphold the present judgment. But, in reversing the
former judgment, the court pointed out that the plain-
tiffs' (appellee's) petition contained no averment that
he had practised dentistry in Louisiana for five years,
or that he had submitted to the board evidence of hav-
ing done so, or that he had procured and submitted to
the board a recommendation from the Louisiana State
Dental Board, or shown any reason for not doing so.
And, in reversing the judgment from which that appeal
was taken, the court said: "It plainly appears from
the record that appellee submitted himself to an exam-
ination and produced credentials under §6106, *supra*

(§6106 Burns 1914, Acts 1913 p. 340, §3), and that he appealed as an applicant who had failed to pass the general examination. The question of his right to a license under the reciprocal arrangement was not presented to the board."

After the cause was remanded to the trial court, appellee amended his petition by alleging that he had practised dentistry in Louisiana for five years, and that he had submitted to the appellant board proof of that fact with his application, and also a recommendation from the State Board of Dental Examiners of Louisiana. The petition having been thus changed, the case at bar presents a question not determined by the decision on the former appeal. Evidence was introduced of the facts alleged, as above set out, and of the further facts, as alleged, that the petitioner had also submitted proof of his good moral character and of his graduation from a recognized dental college, and had successfully passed a practical examination by the appellant board, but had failed to pass the theoretical examination, and that the State Dental Society of Indiana is only one of many dental societies in Indiana, and the State Dental Society of Louisiana is only one of many dental societies in that state, and is a voluntary society of dentists "in ethical practice", not controlled by the state, which the dentists may join or not, at their option, all licensed dentists of that state who pay the required fee being eligible to join if they obey the ethical code adopted by the society, and that the sole reason why appellants did not excuse appellee from taking the theoretical examination, and did not grant him a license under the reciprocal arrangement with Louisiana, was his failure to show that he was a member of the State Dental Society of that state and to procure its recommendation, while the reason he did not get reinstated by that soci-

ety as such member (having once belonged) was because he was unable to. pay the required fees.

It was further proved, without dispute, that the appellant board had entered into reciprocal arrangements, identical in their provisions, with like boards in ten different states, among which was the State of Louisiana. Under the reciprocal arrangement with the Louisiana State Dental Board, any applicant having a dental license in Louisiana or Indiana who has been in the legal and ethical practice of dentistry in such state for not less than five years, and is a member of the state dental society of such state, and has the recommendation of the state board and state dental society of his state, shall only be required to pass a practical examination in order to obtain a dental license in the other state, and be exempt from all theoretical examinations.

The "rules for examination" adopted by the appellant board, of which a printed copy was furnished appellee when he made application to take the examination, set out the terms of this reciprocal arrangement and named the states with which reciprocal relations have been established, including Louisiana. The statute under which the board assumed to act in making such arrangement provides as follows: "The board shall have power to make and establish all necessary rules and regulations for reciprocal recognition of certificates issued by other states, and to prevent unjust and arbitrary examinations by other states of graduates in dentistry from dental colleges in this state who have fulfilled its requirements." §6118 Burns 1914, Acts 1913 p. 340, §15. Upon the foregoing evidence, which was practically undisputed, and assuming to be governed by the statute cited, the trial court found in favor of appellee, and rendered a judgment commanding appellant board to "issue to said petitioner, Wilbur E.

Indiana State Board, etc., *v.* Davis—193 Ind. 543.

Davis, a certificate entitling said petitioner to a license to practice dentistry in the State of Indiana."

The question for decision is whether or not, under the reciprocal arrangement entered into as above recited, appellee had the right to receive a certificate entitling him to a license without passing an examination in the theory of his profession, and without being a member of the State Dental Society of Louisiana, or having a recommendation from it. If all the provisions of the reciprocal arrangement and the rules for examination were valid, appellee had no right to such a certificate, for he did not comply with the conditions therein prescribed. And if none of such provisions were valid, he had no right to a certificate because the statute (§§6106, 6116 Burns 1914, Acts 1913 p. 340) and rules of the board required him to pass an examination to obtain a license, except so far as he was excused from doing so by a valid reciprocal arrangement, and he had failed to pass the theoretical part of that examination. But he insists that so far as the reciprocal arrangement with the Louisiana State Board provides for issuing a certificate without a theoretical examination to one who has practised five years in Louisiana and has the recommendation of the board of that state, it is valid; but that the further provision that in order to be excused from such examination, an applicant must also be a member of the state dental society and have its recommendation, is void. Appellee cites and relies upon the following authorities. *Harmon* v. *State* (1902), 66 Ohio St. 249, 64 N. E. 117, 58 L. R. A. 618; *State* v. *Gravett* (1901), 65 Ohio St. 289, 62 N. E. 325, 55 L. R. A. 791, 87 Am. Rep. 605; *State* v. *Gardner* (1898), 58 Ohio St. 599, 51 N. E. 136, 41 L. R. A. 689, 65 Am. Rep. 785.

Assuming, for the purposes of this case, that so much of that arrangement or agreement as purports to bind

the respective state boards to excuse applicants for licenses from theoretical examinations in one state upon proof (among other things) that they are members of the state dental society of the other state and have its recommendation, is invalid and void, the consequence must be that the reciprocal arrangement is void. This is one of the most prominent features of the agreement between the boards of the two states. The court cannot know that a reciprocal arrangement which did not contain this provision would have been entered into by the Louisiana State Board, nor substitute its judgment for that of the respective boards, by declaring the agreement to be different from what they made it, and enforcing it as so altered, nor assume that, in case these provisions of the arrangement are repudiated in Indiana, other parts of it will be performed in Louisiana. This court is not informed as to any provisions of the constitution or statutes of Louisiana, nor whether or not a part of the agreement, only, is valid in that state.

It does not have and cannot acquire jurisdiction of the Louisiana State Board. All it can do is to adjudicate that the arrangement, as made, is not binding, or that it is binding. If it is not binding, appellee is not entitled to a dental license certificate without passing the prescribed examination, which he has not done. If it is binding, he can only become entitled to a certificate without passing the examination on theory by complying with its terms. In either case, he has no right of recovery in this action, and the judgment in his favor must be reversed.

The judgment is reversed, with directions to grant a new trial.

Townsend, J., dissents.