GEORGE R. SPOONER *vs.* JOHN N. ROBERTS.

Suffolk.    November 11, 1901. — January 1, 1902.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

*Small Loans Act.    Mortgage, Of chattels.    Payment.*

In an action to recover nominal damages for the refusal of the defendant to discharge a mortgage on a piano, the plaintiff alleging that he had made payments which entitled him to a discharge of his debt under the small loans act, St. 1888, c. 388, as amended by St. 1892, c. 428, it appeared, that the plaintiff borrowed $125 from the defendant and gave his note for the amount payable in six months, and a mortgage on a piano, to secure the payment of the note, and was told by the defendant's agent that if " he did not have it paid up when the time of the mortgage was out," he " would have to make out a new mortgage " to have the time of payment extended; that on the maturity of the note he gave a new note and a new mortgage on the piano to secure it, and that this process was repeated at intervals of six months varied only in the amount of the note by reason of part payments, until the defendant held five notes of the plaintiff secured by five several mortgages on the piano, having neither discharged any of the mortgages nor surrendered any of the notes; that in the meantime the payments made by the plaintiff amounted to more than the $125 borrowed with interest thereon at the rate of eighteen per cent per annum and $5 additional for expenses. The mortgages and notes were not made directly to the defendant but to his bookkeeper, clerk and other persons having no interest in the transactions, each of whom assigned and delivered the mortgage to the defendant at the time it was made; and that all the money was paid to the defendant. *Held*, that a verdict ordered for the defendant was erroneous; that the jury could have found that all the mortgages stood on the same footing as if made directly to the defendant, and that the question could have been left to the jury whether the subsequent notes were in renewal of the original note or in payment of it, and, if found to be renewals, that there was but one debt, on the payment of which all the notes would be paid and the conditions of all the mortgages performed, and the original debt having been discharged under the small loans act, the plaintiff would be entitled to judgment.

TORT to recover nominal damages for the refusal of the defendant to discharge a mortgage or mortgages on a piano of the plaintiff, the plaintiff alleging that he had paid the defendant in full the principal sum actually borrowed and interest at the rate of eighteen per cent per annum together with the further sum of $5 for actual expenses of making the loan and mortgage, entitling him to a discharge of the debt under the small loans act, St. 1888, c. 388, as amended by St. 1892, c. 428.    Writ in

the Municipal Court of the city of Boston dated February 14, 1900.

The case coming by appeal to the Superior Court was tried before *Hopkins*, J. The plaintiff offered in evidence a mortgage and note, the last of a series described in the opinion of the court, and it was agreed, that if the jury found for the plaintiff, they might find nominal damages, to wit, the sum of $1. The plaintiff then rested. The defendant offered no evidence and requested the judge to rule that upon all the evidence the plaintiff could not recover and to direct a verdict for the defendant. The judge so directed, and the jury returned a verdict for the defendant. At the request of the plaintiff, the judge reported the case for the determination of this court. If the plaintiff had a right to go to the jury on the evidence reported, judgment was to be entered for the plaintiff for the sum of $1; otherwise, judgment was to be entered for the defendant.

*P. B. Kiernan*, for the plaintiff.

*W. B. Rich*, for the defendant.

LORING, J. By the terms of the report on which this case comes here, it is provided that if the plaintiff had the right to go to the jury on the evidence, judgment is to be entered for the plaintiff in the sum of one dollar.

It appeared that on January 23, 1896, the plaintiff borrowed of the defendant $125 through the defendant's agent, A. L. Watson, with whom alone the plaintiff had all his dealings. To secure the repayment of the loan he made his note for the amount, payable in six months, and executed a mortgage on a piano to secure the payment of the note. He testified that when the loan was made, he was told by Watson that if he " did not have it paid up when the time of the mortgage was out," he " would have to make out a new mortgage to have it extended." On the maturity of the first note, namely, on August 23, 1896, he gave a new note for $125 due in six months, paying $30 interest, and gave a new mortgage on the piano to secure the payment of the note. On the maturity of this second note, namely, on January 23, 1897, he paid $25 principal and $45 interest, and gave a new note for $100, payable in six months, and a new mortgage on the piano. On the maturity of the third note, he gave a new note and a new mortgage for $100,

and apparently paid no interest.   On the maturity of the fourth note, on January 23, 1898, he gave a new note — being the fifth note — and on that note he paid $58 interest and $25 principal.

None of these mortgages was discharged ; none of the notes was surrendered, but they were all retained by the defendant. Apparently no one of these mortgages or mortgage notes was made to the defendant, but they were made, one to the defendant's agent, A. L. Watson ; one to his uncle, James A. Watson ; one to the defendant's bookkeeper, Florence W. Lewis (who was also the defendant's sister) ; another to one Lafield, who was Mrs. Lewis's brother-in-law ; and the fifth to one Stewart, who was a clerk of Lafield.   All these mortgages were assigned to the defendant, and each assignment was made and delivered to the defendant at the time that the mortgage in question was made.   And, lastly, it appeared that all the money that was paid was paid to the defendant Roberts, and that neither A. L. Watson, James A. Watson, Florence W. Lewis, Mr. Lafield, nor his clerk Stewart had any interest in the transactions.

It is enough to dispose of this case, that the defendant could have gone to the jury on the evidence introduced by the plaintiff on which the defendant rested his case, had he sought to enforce the first of these five mortgages.

On the evidence, the jury could have found that all the mortgages stood on the same footing as they would have stood on, had they been made directly to the defendant; and inasmuch as the defendant retained all the mortgage notes and the mortgages and no one of them was discharged, and inasmuch as the plaintiff testified that they were all given in pursuance of the statement made by the defendant's agent during the negotiations for the original loan that "if I did not have it paid up when the time of the mortgage was out, I would have to make out a new mortgage to have it extended," the defendant could have gone to the jury on the question whether the subsequent notes and mortgages were in renewal of the original or in payment of it.   *Taft* v. *Boyd*, 13 Allen, 84. · *Dodge* v. *Emerson*, 131 Mass. 467.·

If the subsequent notes were but renewals of the original, there was but one debt, and on payment of that debt all the notes

were paid and the condition of all the mortgages performed.   If the jury found that there was but one debt, it is plain that the original debt was paid under St. 1888, c. 388; St. 1892, c. 428, and the plaintiff is entitled to recover.

*Judgment for the plaintiff in the sum of $1.*