Keniston, J.
This is an action of contract in which the plaintiff seeks to recover the balance due including interest and attorney’s fees upon a promissory note dated October 12, 1937, in the principal sum of Five Hundred ($500.00) Dollars, executed jointly and severally by the defendants and payable to the order of the plaintiff.
The answer of the defendants in substance is “that the note in suit has been paid by an acceptance by the plaintiff of a second note dated May 24,1938, which second note was subsequently paid by the acceptance of the plaintiff of a third note dated December 20,1938. ’ ’
There was evidence that the note in suit was duly executed payable to the plaintiff by the defendant, Hyman Foster, as maker, and by the defendants, Max Fpster, Irving Jaspan and Miriam Foster, as co-makers, and that there was due thereon for balance of principal interest and attorneys ’ fees, the sum .of Four Hundred Eight and 45/100' ($408.45) Dollars. That a second note dated May 24, 1938, *39 was executed by all the defendants, with the exception of Irving Jaspan, and bore the additional signature of one B. H. Mintz, in the sum of Three Hundred Seventy-Five ($375.00) Dollars, payable to the order of the plaintiff; and a third note dated December 20, 1938, was executed by all the defendants except Irving Jaspan and Miriam Foster, and bore the signature of B. H. Mintz, in the sum of Three Hundred Sixty ($360.00) payable to the order of the plaintiff. The amounts of the second and third notes represented the respective balances due on the dates of the notes.
The ledger cards of the plaintiff and the pass book issued by the plaintiff and retained by one of the defendants, contained entries “Paid” opposite the amount shown as the balance due on May 24, 1938, on the note in suit and these records show that on May 24, 1938, the amount loaned was in the sum of Three Hundred Seventy-five ($375.00) Dollars. These records also showed the word “Paid” opposite the date December 13, 1938, and an entry was made on the same date, amount loaned in the sum of Three Hundred Sixty ($360.00) Dollars.
There was evidence tending to show that at a time when the note in suit was in default, the plaintiff accepted the note dated May 24, 1938, upon the express agreement with the defendants Hyman Foster, Max Foster and Irving Jaspan, but not the defendant Miriam Foster, that they were not thereby released from their liability on the note in suit and that when the note dated May 24, 1938, was in default, the plaintiff accepted the note dated December 20', 1938, upon the express agreement with the defendants, Hyman Foster and Max Foster that they were not thereby released from their liability on the note in suit but that there was no talk with the defendant, Irving Jaspan, as to the note of *40 December 20, 1938.
There was further evidence that Irving Jaspan requested that his signature be omitted on the note dated May 24, 1938, because he felt that in this manner Hyman Foster would be more apt to pay and that Irving Jaspan would continue to be responsible on the note in suit; that there was no understanding with the defendant, Irving- Jaspan, as to his continued liability upon the note in suit when the third note dated December 20,1938, was executed; and that the defendant, Hyman Foster, informed the defendant, Irving Jaspan that the note in suit had been paid by the acceptance by the plaintiff of the subsequent two notes dated May 24, 1938, and December 20, 1938. The three notes remained in the possession of the plaintiff at all times.
There was evidence that the entries made by the plaintiff on the ledger card and on the pass book were merely bookkeeping entries and that it was not the intention of the plaintiff to consider the first note paid.
There was also evidence that the plaintiff accepted the second note in payment of the first note and likewise accepted the third note in payment of the second note, and that none of the defendants agreed at the time the plaintiff accepted the second and third notes, that they were not thereby released of their liability of the note in suit, and that if any such agreement was made with Hyman Foster or Max Foster, or both, that Irving Jaspan had no knowledge thereof, nor was he ever informed by the plaintiff, that the second or third notes were accepted without Irving Jaspan’s being released on the note in suit.
This was all of the evidence material to the questions involved.
*41 At the close of the evidence and before argument, the defendants duly filed the following requests for rulings, which rulings with the Court’s memoranda thereon, are as follows:
1. The evidence warrants a finding for the defendants. Allowed. But I do not so find except as to the defendant Miriam Foster.
2. As a matter of law the acceptance of the notes dated May 24,1938 and December 20,1938 extinguished and paid the prior note on which this suit was brought.
Denied. Not applicable to facts found.
3. The rule in Massachusetts is, that if a negotiable promissory note is given for a pre-existing debt, the presumption is that the creditor intended to receive it in payment of said debt.
Stabbins vs. North Adams Trust Co., 243 Mass. 69,
Spooner vs. Roberts, 180 Mass. 191.
Allowed.
4. The defendants are entitled to a finding because as a matter of law the defendants proved by a fair preponderance of the evidence that the notes issued by the defendants on May 24, 1938, and on December 20,1938 were made and accepted in payment on the prior note on which this suit is brought.
Denied. As to all defendants except Miriam Foster. As to her, this request is allowed.
The Court found for the plaintiff in the sum of Four Hundred Eight and 45/100 ($408.45) Dollars against the defendants, Hyman F'oster, Max Foster and Irving Jaspan, and found for the defendant, Miriam Foster.
The Court made the following finding of facts:
*42 I find that at a time when the note in suit was in default the plaintiff accepted the note dated May 24, 1938 upon the express agreement with the defendants, Hyman Foster, Max Foster, Irving Jaspan, that they were not thereby released from their liability on the note in suit, and that when said note dated May 24, 1938, was in default, the plaintiff accepted the note dated December 29, 1938 upon the express agreement with the defendants, Hyman Foster and Max Foster, they were not thereby released from their liability on the note in suit.
The defendant Irving Jaspan claims to be aggrieved by the refusal of requests numbered 2 and 4 and the only questions involved are whether the denials of these two requests were proper as affecting the defendant Irving Jaspan.
Both requests were properly denied. The second request is not legally sound. An original obligation is not extinguished as a matter of law by the acceptance of a negotiable note. There is a presumption of law that the giving of a negotiable note is a discharge of a prior note or indebtedness between the parties but this presumption may be rebutted by evidence to the contrary. Gilligan v. New England Truck Co., 265 Mass 51, Stebbins v. North Adams Trust Co., 243, Mass. 69, 73. There was ample evidence to support a finding that neither the second nor the third notes were accepted as payments of the first note. Therefore, the fourth request was also properly denied.
The entries made by the plaintiff on its record cards and on the pass book against the first and second notes did not necessarily require a finding that the first note had been discharged. These entries were evidence to be considered in connection with the other evidence as to whether the first note had in fact been discharged. Stebbins v. North Adams Trust Co., 243 Mass. 69, 73.
*43 The evidence would have justified a finding for either the plaintiff or the defendant as against either or both of the defendants, Irving Jaspan and Miriam Foster, depending upon what parts of the evidence were believed. The evidence affecting the liability of these two defendants was not the same. The trial judge could consistently find for the plaintiff against the defendant, Irving Jaspan, and for the defendant as against the defendant Miriam Fbster.
There was no error, the order is—
Report dismissed.